SCHWARTZ BROTHERS COMMISSION COMPANY, Respondent, v. CHAS. H. VANSTONE, Appellant.

62   241
97  1 42

Kansas City Court of Appeals, May 6, 1895.

1. **Appellate Practice**: REPORT OF REFEREE: EVIDENCE. In an action at law, the report of a referee stands on the same footing as a special verdict of a jury; and, when supported by any evidence, the supervising court is without power to disturb it. And the fact that there is a conflict in the evidence affords ground for upholding, rather than disturbing, the finding.

2. **Pleading**: DEFENSE. An affirmative defense is of no avail, if not pleaded, though disclosed by the testimony, and the finding by the referee that there was no such defense on the evidence, can not be made a matter of complaint by the defendant. And, in this case, there was some evidence to justify the finding.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Davis & Duggins* for appellant.

(1) The evidence clearly shows that the three items in dispute were for differences between the market value and the contract price of three different lots of grain, and it is clear from the evidence that no wheat was ever delivered, tendered or intended to be delivered, but that the parties intended to charge or pay the differences arising by and from the fluctuations of the market. The referee finds and the evidence shows that the plaintiffs closed out one of the deals for want of margins and that it was unauthorized. The testimony of the witnesses and the papers all show

VOL. 62—16

that the items in dispute grew out of transactions prohibited by said section 3931, *et seq.*, R. S. 1889. Such contracts are void. R. S. 1889, sec. 3936, as amended in Acts, 1891, p. 126. (2) The finding of the referee is clearly the result of a mistaken view of the law and is not conclusive; but should be set aside and the law properly applied. *Smith v. Crews*, 2 Mo. App. 269; *Goetz v. Piel*, 26 Mo. App. 634; *Bender v. Markle*, 37 Mo. App. 234; *Gamble v. Gibson*, 83 Mo. 290; *Lingenfelder v. Brewing Co.*, 103 Mo. 590.

*Leslie Orear* for respondent.

(1) This is a suit at law, and, the case having been tried before a referee, his findings of fact are regarded as a special verdict and will not be disturbed, if there is any evidence to support them. *Berthold v. O'Hara*, 121 Mo. 88; *Mfg. Co. v. Givens*, 35 Mo. App. 602; *Goetz v. Piel*, 26 Mo. App. 634; 12 Mo. App. 445. (2) There is nothing before this court for review, since no error is urged as appearing upon the record proper. Where no rulings of law are made and no declarations of law given or asked by either party, to show the theory upon which the trial court arrived at its findings and judgment, the appellate court is concluded thereby, and not at liberty to review the same. *Garrison v. Lyle*, 38 Mo. App. 599; *Rice v. Arnold*, 58 Mo. App. 97; *Caruthers v. Williams*, 58 Mo. App. 101; *Pitkin v. Mott*, 56 Mo. App. 401; *Gaines v. Fender*, 82 Mo. 509. (3) Where the sufficiency of the evidence to sustain the action of the trial court is brought in question, it is the duty of the appellant, under rule 15 of this court, to set it out in his abstract *in hæc verba*. *Nichols v. Nichols*, 39 Mo. App. 291; *Vaughan v. Railey*, 34 Mo. App. 141; *Dexter v. McCullum*, 58 Mo. App. 450; *Zweigardt v. Birdseye*, 57 Mo. App. 462; *Paxon v.*

*Drayage Co.*, 56 Mo. App. 566; *McQueny v. Geyer*, 57 Mo. App. 213.

SMITH, P. J.—This suit was brought by Schwartz Brothers Commission Company to recover a balance alleged to be due from defendant on an open account amounting to $583.49. The answer of defendant alleged that plaintiff was indebted to him in the sum of $478.95 for balance of account, and the reply set up all of the transactions, of whatever nature, had between the parties since they began their business relationship, and plaintiff filed with it an itemized account and bill of particulars, showing transactions aggregating over $60,000. The case was sent to a referee to try the issue, and upon a hearing of the evidence, the referee made a finding in favor of the plaintiff for the sum of $464.30. After interposing objections to the report of the referee, and on a trial of such objections, the report of the referee was confirmed; and this case is brought here by appeal.

The only error assigned by the defendant for a reversal of the judgment is that the finding of the referee is against the evidence.

In an action at law, the report of a referee stands on the same footing as the special verdict of a jury, and, when supported by any evidence, the supervising court is without power to disturb it. *Singer Mfg. Co. v. Givens*, 35 Mo. App. 602. There was evidence tending to support the finding of the referee. It is true, there was some conflict therein, but that fact, instead of affording a ground for disturbing the finding, is rather one for upholding it. The referee, who had the opportunity, while the witnesses were before him, to look into their faces and observe their demeanor while testifying, became, in consequence thereof, better qualified to determine their credibility and the weight to be given

their testimony, than it is possible for us to be at this distance.

The abstracts are exceedingly meagre and confusing. It is not pretended that either or all of them set forth the entire evidence. In the referee's report, a great number of exhibits are referred to alphabetically, but none of these appear in the abstract of the evidence. There are certain exhibits in the abstract of the evidence numerically referred to, but the latter do not correspond in number or designation with the former, so that we can not determine from the record whether or not they are in whole or in part the same. There are, too, certain depositions referred to in the referee's report, but none of these appear in the abstract; but whether the testimony purporting to have been given, *ore tenus*, before the referee is identical with that in the depositions referred to, we are, of course, unable to say.

Among the findings of the referee was the following: "The referee finds that the deals out of which the charges of $200, $550 and $412.50 grew were not gambling contracts." The defendant's abstract does not show that he interposed by his answer the affirmative defense that the three items of merchandise in dispute, for which the foregoing charges were made, were furnished under gambling contracts, or arose in any way out of option deals. So that we do not understand that there was any such issue in the case. *Rees v. Garth*, 36 Mo. App. 641; *Musser v. Addler*, 86 Mo. 445; *Northrup v. Insurance Co.*, 47 Mo. 435. An affirmative defense is of no avail if not pleaded, though the testimony disclose it. *Dinglidein v. Railroad*, 9 Bosw. (N. Y.) 79. But since no such affirmative defense was pleaded, the defendant can not complain of the adverse finding of the referee. If the finding had been the other way, the plaintiff might have complained, but certainly not the defendant. The referee failed to find

from the evidence any vitiating or criminatory facts which would justify the legal conclusion that the contracts under which the three items of merchandise were furnished, were void. The defendant's objection, that the report of the referee on its face shows that the finding already quoted was not upon the issues of fact, but was a conclusion of law, is not well taken. The report shows the finding, from the evidence, of an issue of fact, though not made by the pleadings, followed with the referee's conclusion of law thereon. Whether such issue of fact was made by the pleadings or not, it is sufficient to say that there was, as we think, some evidence adduced to justify the finding thereon by the referee in the negative, which is conclusive on us. We can not say that the finding on any issue, real or supposed, is so clearly against the evidence as presented by the abstract as to authorize any interference by us.

We think the judgment of the circuit court should be affirmed, which is accordingly ordered. All concur.