## HAM, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, March 9, 1909.**

1. **RAILROADS: Common Law in Arkansas.** The common law of England and all statutes of the British Parliament enacted prior to fourth year of the reign of King James the First, applicable to our form of government and not inconsistent with the Constitution of the United States or of Arkansas, prevail in Arkansas. [Kirby's Digest of Arkansas Statutes, section 623.]

2. ———: ———: **Fellow-Servants.** The common law rules apply in Arkansas to the definition of fellow-servants and the exemption of employers from liability for injuries to servants by their fellow-servants. Section 6658 of the Arkansas Statutes, defining vice-principals, and section 6660 of the same relating to contracts limiting the liability of an employer to his employee, have no application to a case where an employee of a railroad company was injured by the negligence of a fellow-servant.

3. ———: ———: **Presumptions: Common Law of Missouri.** In view of the Arkansas statute putting the common law into effect, and in the absence of any proof as to the specific rules of common law prevailing in that State, the courts of Missouri will presume that the same doctrines of common law which prevail in this State also prevail in that. The court, however, will not presume that the statutory regulations of Missouri regarding fellow-servants and the liability of a railroad company for injury to employees prevail in that State.

4. PRACTICE: Objection: Waiver of Incompetent Evidence. Where a party offered the laws of another State in evidence and the opposing party objected because such laws were not pleaded, but afterwards withdrew the objection, such party could not afterwards complain that the evidence was improperly admitted.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Moses Whybark* for appellant.

' (1)   This plaintiff also introduced sections 6658 and 6660, on page 1383, of the same Digest of the Laws of Arkansas.   This was all the evidence of the law of Arkansas introduced and as the injury happened in that State and the suit was a common law action brought in the courts of Missouri, the common law obtaining in the State of Arkansas will govern.   Root v. Railroad, 195 Mo. 370; Lee v. Railroad, 195 Mo. 415; Chandler v. Railroad, 127 Mo. App. 47; Fogarty v. Transfer Co., 180 Mo. 490; Railroad v. Babcock, 154 U. S. 197.   (2)   And although the law of Missouri gives a right of action to a servant for an injury sustained through the negligence of a fellow-servant, the action cannot be maintained in Missouri if the law of the State of Arkansas, where the injury occurred, does not give such right of action, and there is no evidence in this record that the laws of Arkansas provide for an action in cases like the one at bar.   Jones v. Railroad, 7 Am. and Eng. Ann. Cases, 256, 258; Chandler v. Railroad, 127 Mo. App. 34; Root v. Railroad, 195 Mo. 348, 369; Burdict v. Railroad, 123 Mo. 221.   (3)   If the statutes of Arkansas provide a remedy in favor of a servant injured by the negligence of his fellow-servant, to enforce it in this State the plaintiff should bring his action showing that the laws of the State, where the injury

occurred, gave him such action. Benedict v. Railroad, 104 Mo. App. 223; Depuy v. Railroad, 110 Mo. App. 110; Williams v. Railroad, 106 Mo. App. 61.

*Von Mayes, Duncan & Bragg* for respondent.

(1) Appellant's first contention is that the State of Arkansas was never subject to the laws of England; and in order to show that the common law was in force in that State, introduced section 623 of chapter 21, Kirby's Digest of the Statutes of Arkansas. Respondent's petition was drawn so as to bring his action within the provisions of the laws in force in this State. Appellant's answer was a general denial; a plea of contributory negligence, and the assumption of risk incident to the nature of plaintiff's employment. The issues being made on these pleadings, the introduction of the section above referred to constituted no evidence responsive to the issues and therefore was wholly immaterial and should receive no consideration in a review of this case. Agrl. & Mech. Assn. v. Delana, 108 Mo. 217; Pattison, Code Pleading, p. 324, chap. 23, sec. 622; Commission Co. v. Vanstone, 62 Mo. App. 241; Gibson & Bros. v. Jenkins, 97 Mo. App. 43 (2) Appellant contends that as the injury happened in Arkansas and the suit was a common law action, brought in the courts of Missouri, the common law obtaining in the State of Arkansas will govern. Respondent contends that the suit is not a common law action, but is an action in which relief is sought under the statutory laws of the State of Missouri, and as Arkansas was never originally subject to the laws of England, the laws of this State will be applied under the pleadings. McManus v. Railroad, 118 Mo. App. 161; Waite v. Bartlett, 53 Mo. App. 378; Burdict v. Railway, 123 Mo. 229; Flato v. Mulhall, 72 Mo. 522; White v. Chaney, 20 Mo. App. 389; Bain v. Arnold, 33 Mo. App. 631; Brokerage Co. v. Stevenson, 160 Mo. 516. (3) The laws of Ar-

kansas, being new matter, must be both pleaded and proved in order that same may be available as a defense to this action. Pattison, Code Pleading, p. 107, chap. 8, sec. 169; McDonald v. Bankers Life Assn., 154 Mo. 618; Williams v. Railway, 123 Mo. 573. The defendant by its answer accepted the issues of fact as tendered in the petition in the form as tendered, and upon these issues the case was tried in the lower court, and will be the only issues reviewed by this court. Lee v. Railway, 195 Mo. 400; Cumiskey v. Williams, 20 Mo. App. 606; Aultman & Taylor Co. v. Smith, 52 Mo. App. 351; Whitlock v. Appleby, 49 Mo. App. 297; Electric Co. v. Lewis, 86 Mo. App. 612.

GOODE, J.—This plaintiff was injured by being crushed between a freight car on which he was working as a brakeman, and another freight car standing on a sidetrack. Plaintiff was riding at the time on a ladder on the side of one of several freight cars hitched to an engine and constituting part of the train he was attached to as a member of its crew. This portion of the train had been detached from the rest in order to run out on a switch and pick up some idle cars. A spur track connected with this switch and two freight cars were standing on this spur track so close to the switch track that plaintiff, while riding past and hanging on the ladder at the side of the car, was mashed between the car he was on and the one on the spur track. The two cars on the spur track had been set out by the crew of another of defendant's trains some days before the accident and were negligently placed so close to the switch track as not to be "in the clear," to use the expression of the witnesses; that is to say, they were so close as to endanger members of train crews who had to attend to their duties about the intersection of the two tracks. The scene of the accident was at Blythes-ville in the State of Arkansas. The defenses were a gen-

eral denial, contributory negligence on plaintiff's part, and assumption of the risk by him. What we have said indicates we think that the issues of defendant's negligence and plaintiff's contributory negligence were for the jury. Counsel for defendant say plaintiff assumed the risk of injury, because, if it is to be ascribed to the negligence of any of defendant's employees, the train crew who set the cars too close to the switch track were to blame and these employees were, at common law, coservants of plaintiff. Prima facie, and on the facts before us, they were fellow-servants according to direct decisions. [Schaub v. Railroad, 106 Mo. 74; see, also, 2 Labatt, Master and Servant, 1364, note c; Randall v. Railroad, 109 U. S. 478.] An issue of fact about this matter was submitted to the jury, but under advice concerning who were fellow-servants which is not asserted by respondent's counsel to have been an accurate statement of the common law doctrine on the subject. In truth the definition given in the instruction was according to section 2875 of the Missouri Revised Statutes of 1899. Why this statutory definition of fellow-servants was given in a charge to the jury is not clear; for one statute on which respondent's counsel claim their action is founded, makes a railway company answerable for an injury done to an employee by the negligence of a co-employee; whereas the court below, as the condition of a verdict for plaintiff, required the jury to find his injury was not due to the negligence of a fellow-servant. If our statutes govern the matter, this charge was unfair to plaintiff, and if they do not, then the definition of a fellow-servant was unfair to defendant, which, in that event, was entitled to have the fellow-servant question determined by the common law, or perchance, by some Arkansas statute enacted, like ours, to alter the common law. Defendant offered in evidence a statute of Arkansas which declared the common law of England, so far as the same was applicable and of a general nature, and all statutes of the British

Parliament in aid of, or to supply the defects of the common law, enacted prior to the fourth year of James First, that are applicable to our form of government and not local to the kingdom of Great Britain, or inconsistent with the Constitution and laws of the United States or of Arkansas, should be the rule of decision of said State, unless altered or repealed by the General Assembly. [Kirby's Digest Ark. Stat., sec. 623, ch. 21.] The effect of that statute was to put in force in Arkansas the rules of the common law regarding who were fellow-servants and the exemption of employers from liability for injuries to servants caused by the negligence of coservants. To break the effect of said statute, plaintiff's counsel offered in evidence sections 6658 and 6660 of the Arkansas Statutes. The first section says all persons engaged in the service of any railroad corporation, foreign or domestic, doing business in said State, who are entrusted by such corporation with the authority of superintendence, control or command of other persons in the employ of such corporation, or with authority to direct any other employee in performing any duty, are vice-principals of such corporation and not fellow-servants of such employee. On the evidence adduced said statute did not help plaintiff's case, because there was no proof that the employees who had negligently set the cars on the spur-track too near the switch track, had been vested with any authority, superintendence, control or command over other persons in the service of the company, or with power to direct plaintiff in the performance of his duties. He remained a fellow-servant for aught shown in this record. The other of the two sections put in evidence by plaintiff, says no contract made between employer and employee based upon the contingency of the injury or death of the employee and limiting the liability of the employer under the Arkansas Act, or fixing the damages to be recovered, shall be valid and binding. Said section has no relevancy to this case, for

no such contract is in proof. On the facts shown the Arkansas statute did not affect the question of whether plaintiff was a fellow-servant of the negligent employees, but said question stood for determination according to the principles of the common law, unless other reasons advanced by plaintiff's counsel in opposition to this conclusion ought to prevail. They say the action is founded upon the statutory law of Missouri, and as Arkansas was not originally subject to the law of England, but to the civil law of France, from which nation it was acquired, the law of Missouri will furnish the rule of decision. We cannot accept this view. The action must rest on some Arkansas statute changing the common law, or on the latter, which we have seen prevails there except as altered by legislation. [Williams v. Railroad, 106 Mo. App. 61; Edwards Brokerage Co. v. Stevenson, 160 Mo. 516; Root v. Railroad, 195 Mo. 348.] In view of the Arkansas statute putting the common law in effect, and in the absence of proof of what specific common law rules touching the case are in force there, we must presume the general doctrines of that law as they prevail in this State, prevailed also in Arkansas. [Slaughter v. Railroad, 116 Mo. 269, 277.] But we will not presume the statute of Missouri making railroad companies liable for injuries to employees from the negligence of fellow-servants, is in force there, or that an action for a tortious, injury which happened in another jurisdiction, is to be determined according to the law of Missouri, if the law of the *situs* is different. [Root v. Railroad, Williams v. Railroad, supra.] Plaintiff's counsel further contend the statute of Arkansas first cited, was received in evidence improperly, because it was not counted on in the answer in pleading the defense. This would be a sound proposition but for the circumstances that counsel for plaintiff first objected to the admission of the statute because not pleaded, and after the court had excluded it, withdrew the objection. They insist now that

notwithstanding this conduct, the statute ought to be disregarded as irrelevant matter, but we do not take this view. The statute was offered for the purpose of impairing plaintiff's case by showing the common law rule exempting a master from liability at the suit of a servant for the negligence of a coservant, was in force in Arkansas; and though it was incompetent evidence because not pleaded, it became competent when plaintiff's counsel consented to its admission, as virtually they did by withdrawing their objection. Cases are cited holding new matter proved but not pleaded cannot be considered as a defense. [Schwartz Bros. Com. Co. v. Vanstone, 62 Mo. App. 241.] The defense of assumption of the risk by plaintiff was pleaded in the answer, and the statute was relevant as evidence in support of said defense. It results that on the facts in evidence whether or not plaintiff was injured by the negligence of a fellow-servant, was to be determined by the general rules of the common law and these rules were not properly set forth in the instructions. Therefore the judgment will be reversed and the cause remanded. All concur.