THOMAS E. HAM, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. **MASTER AND SERVANT: Pleading: Conflict of Laws: Common Law Liability: Statutory Changes.** Plaintiff, a brakeman, while riding on a ladder attached to a boxcar was crushed between the car he was riding and another boxcar on the spur track, which latter car had been left too near the intersection of the tracks by other trainmen. The accident happened in Arkansas. The petition was bottomed on the common law liability of defendant but the reply pleaded the adoption of a statute in Arkansas, making railroad companies as employers liable for injuries received by the employee resulting from the careless omission of duty or negligence of any other servant or agent of such railroad. *Held*, that plaintiff could not recover under the common law liability pleaded in the petition, for it appeared that the common law had been abolished by the statutes and that he could not recover under the statute because he had not pleaded the same in his petition.

2. **PLEADING: Facts to be Proven Must be Alleged.** Every fact that plaintiff is required to prove in order to maintain his suit that is constituent of his cause of action must be alleged in his petition.

3. ———: **Petition: Reply.** A reply cannot be used to amend a petition. Plaintiff must recover, if at all, on a cause of action stated in his petition and not on one stated in his reply.

4. **CONFLICT OF LAWS: Master and Servant: Assumption of Risk: Common Law.** The defense of assumption of risk, to defeat or limit the right of action for the negligent injury of a person, is to be determined by the law of the place where the tort occurred, and the common law rule exempting the master from liability for injury to a servant by a fellow-servant's negligence, prevailing at the place where the injury occurred and the cause of action arose, will govern, although the rule has been changed by statute at the place of the forum.

5. ———: **Statute of Foreign State: Pleading.** When an action or a defense rests immediately on a foreign statute, such statute is a substantial fact and must be pleaded. And this is

so even if the statute of the foreign State and the statute of the forum are identical.

6. **ACTIONS: Pleading: Evidence.** A plaintiff cannot plead one cause of action and recover on another, so where the petition seeks to recover under the common law for injuries received in another State, plaintiff cannot recover where it appears that the common law had been abolished by the statutes, even if under the statute plaintiff had a cause of action.

7. **PRESUMPTIONS: Evidence.** The law holds that presumptions are a species of secondary evidence allowed in certain cases whereby one fact can be inferred by the proof of another, but such evidence is only competent in the absence of proof of the actual fact.

8. ————: **Laws of Foreign State.** There is no room for the presumption as to what is the law of the foreign State when the statutes of that State are in evidence.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*W. F. Evans* and *Moses Whybark* for appellant.

(1) The plaintiff must recover on the cause of action stated in his petition, and not on one stated in his reply. Moss v. Fitch, 212 Mo. 504; R. S. 1899, sec. 609; Rhodes v. Lbr. Co., 105 Mo. App. 314; McMahill v. Jenkins, 69 Mo. App. 280; Crawford v. Spencer, 36 Mo. App. 82; Molney v. Reed, 40 Mo. App. 109; Stepp v. Livingston, 72 Mo. App. 179; Jackson v. Powell, 110 Mo. App. 252; Hill v. Mining Co., 119 Mo. 30; 18 Ency. Pleading and Practice, 690 and 707. (2) On the petition and proof plaintiff was a fellow-servant with the trainmen who placed the car on the stub track. Ham v. Railroad, 136 Mo. App. 21; Schaub v. Railroad, 106 Mo. 74; Randall v. Railroad, 109 U. S. 485; 2 LaBatt on Master and Servant, 1364.

*Von Mayes* and *Duncan & Bragg* for respondent.

(1) Arkansas was not originally subject to the laws of England, and for this reason the courts of Missouri presume, in the absence of proof to the contrary, that the laws of Arkansas are the same as the laws of Missouri. McManus v. Railroad, 118 Mo. App. 161; Goldsall v. Bark, 80 Mo. 631; Flato v. Mulhall, 72 Mo. 525; Edwards Brok. Co. v. Stevenson, 160 Mo. 528; Waite v. Bartlett, 53 Mo. App. 381; Witascheck v. Glass, 46 Mo. App. 215; Kollock v. Emmert, 43 Mo. App. 566; Bain v. Arnold, 33 Mo. App. 633; Hofheimer v. Losen, 24 Mo. App. 658. (2) New matter in the reply, which constitutes a defense to the new matter in the answer, not inconsistent with the petition, is not a departure. Coombs Co. v. Block, 130 Mo. 680; Chemical Co. v. Railroad, 70 Mo. App. 274; Ricketts v. Hart, 73 Mo. App. 653; Manufacturing Co. v. Dawson, 77 Mo. App. 126; Baltzell v. Modern Woodmen, 98 Mo. App. 161; Rhodes v. Land & Lumber Co., 105 Mo. App. 279.

NIXON, P. J.—This was a suit brought in the circuit court of Pemiscot county, by a brakeman, formerly in the employ of the appellant, for personal injuries claimed to have been sustained at Blythesville, Arkansas, on October 1, 1907. The petition alleged that while plaintiff was riding on the side of a freight car in the performance of his duties, he was brought in contact with a car on a spur or stub track, placed there by appellant's servants, so close to the point of intersection with a sidetrack as not to be "in the clear," whereby plaintiff sustained serious injuries. The charge upon which recovery was sought recited that the agents and employees of the appellant company negligently and carelessly placed a boxcar on the spur or stub track and negligently and carelessly permitted it to remain for some time so near the point of intersection of the spur or stub track with one of appellant's sidetracks that in

running cars along said sidetrack at the point of inter-
section there was not sufficient space between the car
on the spur or stub track and the cars passing on the
sidetrack to admit of the safe passage of plaintiff's
body, who, in the discharge of his duties as a brake-
man was riding on the side of one of the box cars,
by reason of which plaintiff was injured, etc.

The answer contained (1) a general denial; (2)
that the injuries received by the plaintiff were assumed
risks incident to his employment; (3) contributory neg-
ligence; and (4) the statute of Arkansas which adopted
the common law of England.

The plaintiff in his reply admitted that the com-
mon law of England had been adopted in the State
of Arkansas, but pleaded a statute of Arkansas, ap-
proved March 8, 1907, making railroad companies as
employers liable for injuries received by their employees
resulting from the careless omission of duty or negli-
gence of any other servant or agent of such railroad.

The case was tried on the petition as originally
drawn. (This case has once been in the appellate court
where the judgment was reversed and the cause re-
manded. The opinion is reported in 136 Mo. App. 16,
117 S. W. 108.) The re-trial was had at the July term,
1909, and a verdict was returned in favor of the plain-
tiff for five thousand dollars. An appeal was granted
the defendant to the St. Louis Court of Appeals from
whence it has been transferred to this court.

The evidence in the second trial was practically
the same as in the first and is substantially stated in the
opinion of the St. Louis Court of Appeals on the former
appeal. Plaintiff was injured by being crushed between
a freight car, on which he was working for the appellant
as a brakeman, and another freight car standing on a
spur or stub track. Plaintiff, at the time of his injury,
was riding on the ladder on the side of one of a num-
ber of freight cars attached to an engine, constituting a
part of a train to which plaintiff was attached as a

member of its crew. This portion of said train had been detached in order to run out on a sidetrack and pick up some idle cars. A spur track connected with this sidetrack; two freight cars were standing on the spur track so close to the sidetrack that plaintiff, while riding past and hanging on the ladder at the side of the car, was crushed between the car he was on and one of those on the spur track. The two cars on the spur track had been set out by the crew of another of defendant's trains some days before the accident, and were negligently placed so close to the side track as not to be "in the clear," to use the expression of the witnesses; that is to say, they were so close to the sidetrack as to endanger the safety of members of train crews who had to attend to their duties near the intersection of the two tracks.

Appellant, at the close of all the testimony, interposed a demurrer to the evidence which was overruled. Appellant also asked an instruction as to the assumption of risk, and another one requesting that the court exclude from the consideration of the jury the statute of the State of Arkansas, which instructions, so requested and refused, are as follows:

"3. You are further instructed that under the issues in this case the plaintiff, on entering the service of the defendant as a brakeman assumed and took upon himself the risks ordinarily incident to that business, and among which was the risk of personal injury to himself from the negligence and mistakes and oversights of his fellow-servants in performing their work; and in this the danger and risk of injury to himself from the action of any of the defendant's trainmen in setting in the freight car on the spur or stub track, at Blythesville, Arkansas, was one of the risks incident to his employment, and which he so assumed, and for any neglect in doing such work by any of the defendant's trainmen at that station plaintiff cannot recover."

"9.  The court instructs you that you must exclude from your consideration the law of the State of Arkansas, approved March 8, 1907, read in evidence by the plaintiff, which law is entitled, 'An Act to give right of action against an employer for injuries or death resulting to his agents, employees or servants, either from the employer's negligence, or from the negligence of some of his other employees, servants or agents, and to repeal all acts and parts of acts in conflict herewith.' "

The petition charged that by reason of the negligence of the agents and servants of the appellant, the plaintiff, on October 1, 1907, at Blythesville, Arkansas, sustained injuries whereby he was damaged in the sum of five thousand dollars.  The cause of action, having accrued in the State of Arkansas, the rights of the appellant and the defenses to the action are to be governed by the law of that State, and not by the law of the forum.  The defense of assumption of risk, to defeat or limit the right of action for the negligent injury of a person, is to be determined by the law of the place where the tort occurred; and the common law rule exempting the master from liability for injury to a servant by a fellow-servant's negligence, prevailing at the place where the injury occurred and the cause of action arose, will govern, although the rule has been changed by statute at the place of the forum. [2 Wharton, Conflict of Laws, 487b.    Cooley on Torts (2 Ed.), p. 553; Root v. K. C. S. Ry. Co., 195 Mo. 348, 92 S. W. 621; Rahm v. Chicago, R. I. & P. Ry. Co., 129 Mo. App. 679, 108 S. W. 570; Chandler v. St. L. & S. F. R. Co., 127 Mo. App. 34, 106 S. W. 553.]

The law in force in Arkansas on October 1, 1907, the date on which plaintiff was injured, giving the plaintiff his right of action and determining the liabilities of the defendant for negligence, was either the common law or the statutory law of that State.  In this case, it is apparent on the face of the petition that the plaintiff framed and bottomed his petition on the common law liability of the defendant, and not upon the statute

of the State of Arkansas. Having pleaded his action on the common law foundation, he must stand or fall by his cause of action as stated in his petition, and cannot be allowed, when he finds that he cannot recover at common law, to then shift his position to the statutory liability. [Mathieson v. St. L. & S. F. R. Co., 219 Mo. 542, 118 S. W. 9.]. The plaintiff cannot plead one cause of action and recover on another; or, as it has been otherwise stated, "It is hornbook law that *allegata* and *probata* must correspond and instructions be bottomed on the testimony." [State ex rel. v. Birch, 186 Mo. l. c. 219, 85 S. W. 361.]

The plaintiff could not recover on the common law liability pleaded in his petition because the common law had been abolished by statute, which statute was introduced in evidence by the plaintiff, being Act 69 of the Acts of Arkansas of 1907, entitled: "An Act to give right of action against an employer for injuries or death resulting to his agents, employees, or servants, either from the employer's negligence or from the negligence of some of his other employees, servants or agents, and to repeal all acts or parts of acts in conflict herewith," approved March 8, 1907, and which reads as follows: "Section 1. That hereafter all railroad companies operating within this State, whether incorporated or not, and all corporations of every kind and character, and every company, whether incorporated or not, engaged in the mining of coal, who may employ agents, servants or employees, such agents, servants or employees being in the exercise of due care, shall be liable to respond in damages for injuries or death sustained by any such agent, servant or employee, resulting from the careless omission of duty or negligence of such employer, or which may result from the carelessness, omission of duty, or negligence of any other agents, servants or employees of said employer, in the same manner and to the same extent as if the carelessness, omission of duty or negligence causing the injury or death

was that of the employer." This Act, as is seen, had become the law of Arkansas before the date of plaintiff's injury. The plaintiff could not recover on the law as declared by the above statute because he had not pleaded the statute. In order for plaintiff to have secured the benefit of the provisions of this statute, in his action in this State, he should have set forth in his petition its terms, tenure and effect and specially pleaded the same. When an action or a defense rests immediately on a foreign statute, such statute is a substantial fact and must be pleaded. [Clark v. Barnes, 58 Mo. App. 667; Hazelett v. Woodruff, 150 Mo. 534, 51 S. W. 1049; McDonald v. Bankers' Life Assn., 154 Mo. 618, 55 S. W. 999; Steele v. Steele, 161 Mo. 566, 61 S. W. 815; Lee v. Mo. Pac. Ry. Co., 195 Mo. 400, 92 S. W. 614.] Every fact that plaintiff is required to prove in order to maintain his suit that is constituent of his cause of action must be alleged in his petition. [Pier v. Heinrichoffen, 52 Mo. l. c. 335, 336; Scott v. Robards, 67 Mo. 289, 293.] And this would still remain true although it should happen that the statute of Arkansas was an identical copy of the statute of Missouri; such fact would not in any wise change the law that the maintenance of the cause of action depends upon the statute of the State where the tort occurred; and the rules of pleading require that statute to be pleaded, notwithstanding a coincidence of the identity of the terms of the two statutes.

As to whether the common law or the statutory law of Arkansas relating to the doctrine of fellow-servant was in force at the time of this accident cannot be established in this case by presumption; the argument of counsel seems to have become enmeshed in this line of evidence. The law holds that presumptions are a species of secondary evidence, allowed in certain cases, whereby one fact can be inferred by the proof of another; but such evidence is only competent in the absence of proof of actual facts. The feeble, flickering

light of presumption fades and pales in the glow of actual facts. In this case there is no occasion to indulge in presumption as to what law was in effect in the State of Arkansas at the time the injury occurred. The defendant offered in evidence the statute of Arkansas declaring that the common law of England, so far as applicable and of a general nature, and all statutes of the British Parliament in aid of and to supply the defects of the common law, made prior to the four years of James the First, applicable to the form of government of the State of Arkansas, of a general nature and not local to that kingdom, and not inconsistent with the constitution and laws of the United States or the constitution and laws of Arkansas, should be the rule of decision in that state unless altered or repealed by the General Assembly.

The plaintiff offered in evidence a statute of Arkansas approved in the year 1904, which is as follows:

"Sec. 6658. All persons engaged in the service of any railway corporations, foreign or domestic, doing business in this State, who are entrusted by such corporation with the authority of superintendence, control or command of other persons in the employ or service of such corporation, or with the authority to direct any other employee in the performance of any duty of such employee, are vice-principals of such corporation, and are not fellow-servants with such employee."

The plaintiff also offered in evidence the statute of Arkansas which was approved March 8, 1907, hereinbefore set forth; so that we have the actual enactments of the State of Arkansas as to the law governing fellow-servants and we are not left to presumptions.

In his petition, the plaintiff stated a cause of action at common law, but in his reply he set out the statute of Arkansas, and by this new matter sought to recover under this statute. His reply thus undertook to add to his petition by injecting into it a new cause of action. This cannot be done by the reply and he

could not in this manner amend his petition. The plaintiff must recover, if at all, on the cause of action stated in his petition and not on one stated in his reply. [Moss v. Fitch, 212 Mo. 484, 502, 504, 111 S. W. 475; Section 609, Revised Statutes 1899; Rhodes v. Holladay-Klotz Land and Lumber Co., 105 Mo. App. 279, 314, 79 S. W. 1145; McMahill v. Jenkins, 69 Mo. App. 279; Crawford v. Spencer, 36 Mo. App. 78, 82; Mohney v. Reed, 40 Mo. App. 99; Stepp v. Livingston, 72 Mo. App. 175, 179; Jackson v. Powell, 110 Mo. 249, 84 S. W. 1132; Hill v. Rich Hill Coal Min. Co., 119 Mo. 9, 30, 24 S. W. 223; 18 Ency. of Pl. & Prac. 690 and 707.]

The State of Arkansas, having adopted the statute approved March 8, 1907, set up in his reply, this was in contravention of the common law which had previously existed in that State and it created a new cause of action which did not exist at common law. Strottman v. St. L., I. M. & S. Ry. Co., 211 Mo. 227, 302, 109 S. W. 769. In the case just cited, the Supreme Court says: "The proposition is self-evident that until the enactment of the fellow-servant statute in 1897, in this State a servant who was injured through the negligence of a fellow-servant never had any right of action; hence, it must logically follow that that statute for the first time giving him a right of action created a new cause of action which did not exist prior to that time, that is, in favor of the servant. To say that it did not create a new cause of action, but simply placed the employee of the railroad corporation on the same footing that it placed any other person, falls far short of a correct solution of that proposition."

The appellant filed a proper motion before the trial to dismiss that part of the plaintiff's reply which referred to the statute of Arkansas, which motion was overruled. The appellant at the close of all the testimony interposed a demurrer to the evidence on the ground that the plaintiff could not recover on the stat-

ute of the State of Arkansas, approved March 8, 1907, not having pleaded the same in his petition. Instructions were also presented to the court on the theory that the common law had been abolished by the statute of March 8, 1907. So it is disclosed by the record that the plaintiff recovered in this case, not on the common law action stated in his petition, but upon a statutory cause of action arising under the statute which was set up in his reply. Under this record, the judgment cannot be allowed to stand, and it is accordingly reversed. All concur.