BELL WHITE, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 15, 1911.

1. **MASTER AND SERVANT: Vice-Principal: Jury Question.** In an action for personal injuries caused by being struck by a cog-wheel weighing from 900 to 1000 pounds, which toppled over on plaintiff, despite his efforts to hold it up, *held* that whether a check clerk, who called out "One man is enough to handle that wheel" (in response to which direction three men who had been assisting plaintiff up to that point, left the wheel) was the vice-principal of the master in giving this order was a question of fact for the jury, where the evidence also showed that the check clerk gave orders, that the men obeyed him, that if additional men were needed, he was the one who attended to obtaining them, and that there was no other foreman over the men.

2. ————: **Negligence of Vice-Principal.** Although a mere error in judgment on the part of the master would not bespeak negligence, nevertheless where the facts in evidence tended to show that a reasonably careful person in the situation of the foreman would have known that one man could not safely handle a wheel so heavy, unstable, and unwieldy, and in a situation where the foreman had no right to speculate about plaintiff's strength and capacity, and to cast a risk on him against his will, the jury were entitled to draw the conclusion that the order, "One man is enough to handle that wheel" was negligently given by the master's vice-principal.

Appeal from the Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

White v. Railroad.

AFFIRMED.

*M. A. Lowe* and *Sebree, Conrad & Wendorff* for appellant:

(1) The demurrer to the evidence should have been sustained. (2) The appellant had the right to conduct its business in its own way, and respondent assumed all the risks and dangers ordinarily incident thereto. (3) Appellant was not guilty of negligence because it furnished sufficient men, with the use of the trucks, dollies, derricks, and other appliances furnished, to safely perform the work of removing the cog-wheel in question. Shore v. Bridge Co., 111 Mo. App. 278, 279; Blundell v. Manufacturing Co., 189 Mo. 522, 564-5; Lee v. Kansas City Gas Co., 91 Mo. App., 612, 619; Forbes v. Dunnavant, 198 Mo., 193, 208-10. (4) Plaintiff was guilty of negligence in rejecting and refusing to use the trucks and dollies furnished by appellant and in attempting to handle the wheel alone, by hand, and, therefore, cannot recover.

(5) Where a servant, having a choice of two ways, one of which is perfectly safe and the other is subject to risk and danger, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover. Moore v. Railroad, 146 Mo. 572; Hurst v. K. C. P. & G. Co., 163 Mo. 309; Blundell v. Mfg. Co., 189 Mo. 552. (6) Where a servant is required to move an object, such as a cog-wheel, he is bound to take notice that it is heavy and will require a certain amount of strength and ability to perform the task, and if he overestimates his strength or underestimates the amount of physical ability necssary to move the object and is injured in consequence thereof, he cannot recover. Haviland v. Railroad, 172 Mo. 106; Leitner v. Greib, 104 Mo. App. 173; Pulley v. Standard Oil Co., 116 S. W. Rep. 431.

*Henry J. Latshaw* and *W. D. Sumner* for respondent.

It is claimed by appellant that this gang of laborers of whom respondent was one had no boss or foreman, that each man was his own boss, and that Thompson although he did no manual labor, neither did he do any bossing.

But in the face of the admissions of their own witness, Mr. Thompson, and the testimony of respondent and his witnesses, appellant cannot be permited to maintain such a claim. Much less can appellant in the face of that evidence, be heard to further claim, as it must and does to be consistent in arguing that this Honorable Court should say as a matter of law that Thompson was a fellow servant with respondent, that there is no evidence that Thompson was a foreman over respondent.

And under the law of this state he was a foreman and not a fellow servant with respondent—or at any rate there was plenty of good and creditable evidence to warrant a jury in so concluding, and although too much of such evidence to warrant a court in saying as a matter of law that he was not a foreman or boss over respondent. Koerner v. St. Louis Car Co., 209 Mo. 141; Doss v. Railroad, 135 Mo. App. 643; Reeder v. Crystal Co., 129 Mo. App. 107; Hogan v. Gibson M. Co., 131 Mo. App. 386.

JOHNSON J.—Plaintiff, a truckmen employed in defendant's freight house at Kansas City, sustained personal injuries while on duty and alleges that his injuries were caused by the negligence of defendant. The suit was commenced in a justice court and a trial in the circuit court on appeal resulted in a verdict and judgment for plaintiff.

A check clerk and four truckmen, among them plaintiff, were engaged in moving a carload of machinery from one car to another some distance away. The check clerk stayed in the car from which the freight was being un-

loaded, called out and checked off the articles of the freight and gave directions from the billing for the disposition of the freight.   One of the truckmen, called the "breakout," also stayed in the car, selected the articles and helped the truckmen remove them from the car.   A cog wheel five feet in diameter and weighing from 900 to 1000 pounds was one of the pieces of machinery removed.   It was not loaded on a truck but was raised on edge and the four truckmen, including the "breakout," rolled it out of the car and started to roll it across the floor to the car in which it was to be reshipped.   The rim of the wheel was beveled and the wheel was so top-heavy that it had to be supported to prevent it from toppling over.   Two men supported it on each side and plaintiff was the forward man on the beveled side.   After the wheel was removed from the car and was being rolled across the floor the check clerk called out "One man is enough to handle that wheel."   Under the method of work observed in the freight house, the truckmen were given numbers and turns and it was plaintiff's turn to go on with the wheel.   Accordingly the three other men obeyed the direction of the check clerk by leaving the wheel in the sole charge of plaintiff and returning to the car.   The wheel was too heavy for plaintiff and despite his efforts to hold it up, it toppled over on him, inflicting the injury of which he complains.

It is the contention of plaintiff that the check clerk in giving the order acted as defendant's vice-principal and the sole charge of negligence in the petition is "that said injuries were caused by the carelessness and negligence of said defendant's foreman in charge of said work in failing to give plaintiff sufficient and reasonable help in removing said piece of machinery when said defendant knew, or by the exercise of ordinary care should have known that said piece of machinery was too heavy to be handled by said plaintiff alone."

Defendant contends that the check clerk was not foreman of the gang but only a fellow-servant of plain-

tiff, and, further contends that the injury was caused by a risk assumed by plaintiff and that plaintiff was guilty of contributory negligence.

The issue of whether the check clerk was a vice-principal or a mere fellow-servant is important since plaintiff elected in his petition to ground his cause of action solely on negligence of defendant's vice-principal in failing to furnish plaintiff sufficient assistance. Negligence of fellow-servants in deserting plaintiff in a manner to endanger his safety is entirely outside the scope of the pleaded negligence and for that reason will not support the present judgment. The rule is too well settled to require the citation of authorities that where the plaintiff specifies in the petition the act of negligence on which he founds his right to recover he is held to the position he thus assumes and will not be suffered to enlarge that position. If the check clerk, in saying that one man was enough to handle the wheel, did not speak in his master's voice, his act in speaking could not be regarded as the proximate cause of the injury, for if he had no authority to issue commands the men at the wheel were not bound to heed what he said and, in leaving plaintiff in the lurch, acted on their own initiative. Plaintiff cannot recover unless the evidence reasonably supports the inference that the check clerk, in giving the order, acted as defendant's authorized agent and representative. The mere fact that the check clerk made a suggestion in the form of an order or command and that the suggestion was followed, of itself, would not support an inference that the master had invested him with any authority. Men engaged in moving or lifting heavy loads where unanimity of action is important call out orders to each other and the mere fact that one of such workmen is more prone to give orders than others and is generally obeyed by his fellows is not sufficient proof that he has authority to represent the master. [Stephens v. Lumber Co., 110 Mo. App. l. c. 404.]

But the operation of a railroad demands above all things strict adherence to order and system, and it is a matter of common knowledge that railroad companies provide a closely detailed system for the conduct of their business. They do not turn gangs of laborers loose to work without guidance. Someone always is given authority to say to the others "Go and come, do this, or do not do that." Frequently, as in the present instance, the authority is very limited but "a person employed to perform *any* of the master's duties towards his servant is, while that relation continues and in respect to such duties, no fellow-servant of the latter. [Dayharsh v. Railroad, 103 Mo. l. c. 575; Koerner v. St. Louis Car Co., 209 Mo. l. c. 159.]

The orderly prosecution, of the work required that someone of the gang have authority to say where and how the men should work and make requisitions for more men as they were needed. The evidence tends to show that the check clerk was the representative of the master for such purposes. He gave orders, the men obeyed him; if additional men were needed he was the one who attended to obtaining them and there was no other foreman immediately over the men. Singly these facts would not justify the inference that the check clerk was a foreman in charge of the men but together, and considered in the light of all the evidence, they were potent enough to raise an issue of fact as to whether or not the order in question was spoken by one possessing authority.

And we think the jury were entitled to draw the conclusion that the order was negligently given. A mere error of judgment on the part of the master would not bespeak negligence. "The master is not required to have infallible judgment and he should not be held responsible for a mistake which the exercise of reasonable care, by a competent man, would not avoid." [Pulley v. Standard Oil Co., 118 S. W. 430.] But the facts in evidence tend to show that a reasonably careful person in the situation

of the foreman would have known. that one man could not safely handle a wheel so heavy, unstable and unwieldy.   And, further, the foreman had no right to speculate about plaintiff's strength and capacity and to cast a risk on him against his will.   In this respect the present case differs materially from that considered by us in the Pulley case to which we have just referred.   There the plaintiff had an opportunity to decide for himself whether the load was too heavy for him.   Here the plaintiff had no such opportunity.   In obedience to the order of the foreman his co-laborers suddenly left him in a place where he could not let go and could not escape injury.   In this respect the facts are very like those in the case of Briscoe v. Railroad, 130 Mo. App. 513, where we held the master liable for a similar desertion of a fellow-laborer of the plaintiff.

These facts accuse the foreman of negligence and excuse plaintiff from the imputation of contributory negligence.   Certainly he should not be held responsible for being plunged by others into a perilous situation against his volition.

The learned trial judge properly overruled the demurrer to the evidence and since the propriety of that ruling is the only issue raised here by defendant, it follows that the judgment must be affirmed.   All concur.