MARY J. BIGGIE, Respondent, v. CHICAGO, BUR-
LINGTON & QUINCY RAILROAD COMPANY,
Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. **CARRIER OF PASSENGERS: Railroads: Negligence: Hole in Depot Platform.** Plaintiff was injured while going from defendant's ticket office to its train by stepping through a hole in the depot platform. Under the evidence the jury was justified in finding that defendant was negligent and that plaintiff was not negligent.

2. **PLEADING: Conflict of Laws: Presumption as to Law of Another State.** Plaintiff's petition stated a cause of action under the common law. Although the accident happened in Iowa it was not necessary for plaintiff to plead the law of that state. In the absence of any allegation in the pleading, it is presumed the law of Iowa is the same as our own.

3. **DAMAGES: Contributory Negligence in Failing to Give Proper Treatment.** Plaintiff received a sprained ankle which she attempted to treat without the assistance of a physician. It was a question for the jury whether she exercised ordinary care in so doing.

4. **TRIAL PRACTICE: Instructions: Exceptions.** It is not necessary to both object and except to the giving or refusing of instructions.

5. ———: ———. Plaintiff's Instructions authorized the jury to allow plaintiff damages for injuries received by the negligence of defendant. Defendant's instructions told the jury not to allow plaintiff for any aggravation of injuries caused by her own negligence. The two instructions were not in conflict.

Appeal from the Schuyler Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Palmer Trimble* and *Higbee & Mills* for appellant.

*John C. McKinley* and *N. A. Franklin* for respondent.

BROADDUS, P. J.—Plaintiff was injured on the platform of defendant's station at Exline, a town in Iowa near the Missouri border, and she alleges in her petition that her injury was caused by negligence of defendant in permitting a hole to remain in the platform in the way of passengers going from the ticket office to board passenger trains. The cause of action pleaded is common law negligence and the petition does not plead the laws of the State of Iowa. Defendant did not attack the petition by demurrer nor plead in its answer that no cause existed under the Iowa laws, but at the trial objected to the introduction of evidence on the general ground that no cause of action was pleaded and presses that objection here, on the theory that the petition should affirmatively show a cause of action in plaintiff under the laws of Iowa. There is no question of the sufficiency of the petition under the laws of this state and we do not think the position of defendant is tenable. In the absence of a showing to the contrary, it will be presumed the laws of a sister state are the same as our own. [Burdict v. Railway, 123 Mo. 221; Coleman v. Lucksinger, 224 Mo. 1; Hurley v. Railway, 57 Mo. App. 675; Hollenbeck v. Railway, 141 Mo. 97; McManus v. Railway, 118 Mo. App. 152; Witascheck v. Glass, 46 Mo. App. 209; Truel v. Railway, 128 S. W. 223.]

Plaintiff, a spinster forty-five years old who lived with her mother at Unionville and supported herself by keeping boarders, visited her sister at Exline, July 4, 1908, and on the following day returned home. She went to the depot a few moments before train time, bought her ticket from the agent, and proceeded to board the train when it stopped to receive passengers. There was a crowd of people on the platform and plaintiff, in working her way to the train, did not see the hole in the platform into which she stepped with her left foot. This hole was over three feet long, six

inches wide and twelve inches deep. All of the evidence is to the effect that it had been there some three or four weeks and that the agent had actual knowledge of its presence.

The demurrer to the evidence was properly overruled. The evidence justifies us in assuming, as a matter of law, that the hole had been in the platform long enough for defendant, in the exercise of the care it owed its passengers, to have discovered and repaired it. The undisputed facts accuse defendant of gross negligence. [Fullerton v. Fordyce, 121 Mo. 1.] The question of contributory negligence of plaintiff is presented by the evidence as an issue of fact for the jury. In the light of the circumstances of the situation, the jury were entitled to the conclusion that it was very natural for her to step into the hole without seeing it, and that she should not be condemned for what well might have happened to any ordinarily careful and prudent person so circumstanced.

Plaintiff recovered a verdict and judgment for two thousand dollars. Defendant earnestly attacks the verdict on the ground that it is grossly excessive and in the attack goes to the length of charging plaintiff with being a malingerer and with having aggravated the slight injuries she received from falling into the hole by her own subsequent gross negligence. The evidence not only is substantial but convincing that plaintiff has been rendered a permanent cripple by her injury. She received a bad sprain in her left ankle which pained her from the start but which she thought would yield to simple home treatment. The imputation of negligence on her part must rest on the fact that she did not call a physician, but relied on her own homely skill. We think the characterization of her conduct was an issue of fact for the jury to determine and that we would do wrong to hold her culpable in law. In many poor families, physicians are not called except in extreme cases. Ordinary injuries,

such as cuts, bruises, burns and sprains are given none but home treatment. Courts should be slow to condemn as contrary to rules of law the ordinary practices and usages of the large class of people who must practice the closest economy to make ends meet. It appears that this sprain which at first promised to be nothing of great consequence turned out badly, as such injuries sometimes do, and developed into a serious injury which will permanently handicap plaintiff in her efforts to earn a living. We cannot say that a verdict of two thousand dollars for such an injury is excessive. It is true the evidence of defendant makes light of the injury, but that evidence, though substantial, is opposed, as we have said, by substantial evidence to the contrary. The jury disbelieved defendant's evidence on this issue as it had the right to do and we find no occasion to interfere with the verdict on this ground.

When we formerly considered this case we refused to consider the alleged errors in the plaintiff's instructions because the bill of exceptions failed to show that defendant both objected to and excepted to the action of the trial court in the giving of said instructions. Our holding was based upon the ruling of the Supreme Court in Sheets v. Iowa State Ins. Co., 226 Mo. 613. Before the opinion was finally adopted the Supreme Court overruled the holding in said case and held that: "It was not necessary to both object to and except to the giving or refusing of an instruction in order to have it reviewed on appeal. All that is required is that an exception be saved."

Appellant's contention is that: "The court erred in giving plaintiff's instruction 4." That: "It authorized the jury to allow plaintiff damages as for a permanent injury, when her own testimony shows she negligently failed to have her injury treated by a physician, and that her injury was greatly aggravated

159 App.—23

and her cure made impossible by going about in her own house and over the neighborhood upon her feet when according to her own expert witness, Dr. Noel, her leg should have been immobilized and kept in a plaster cast." And that said instruction is in conflict with instruction 2 given for defendant.

Instruction 4 reads as follows: "If you find for the plaintiff you should assess her damages at such sum as you may believe from the evidence will compensate her for the injuries, if any, received by the negligence, if any, of the defendant, as shown by the evidence, and in estimating her damages you should take into consideration the bodily pain and mental anguish suffered by her, if any, as the result of such negligence, and pain and anguish, if any, that you believe, from the evidence, she will suffer in the future from such injuries, and the extent of her disability, if any, by reason of said injuries, and the extent to which you may reasonably believe from the evidence, if you so believe, she will be disabled during the future of her life by reason of said injury, and you should award her such sum as in your opinion will compensate her for all such injuries, and anguish, not exceeding two thousand dollars."

Instruction 2 reads as follows: "If the jury find from the evidence plaintiff's leg was bruised and wrenched by stepping into a hole in defendant's platform at its depot at Exline, Iowa, you are instructed that as between plaintiff and the defendant it was her duty to have used all ordinary care for the treatment and recovery of her injuries, and if she neglected to do so, and as a result of such neglect her injuries became aggravated and incurable you cannot allow her any damages for such aggravation or incurable condition. In other words, if she got her leg or foot hurt in said hole, you can only allow her such sum of money as will fairly compensate her for the damages necessarily resulting from such injuries and nothing

more.  If you believe from the evidence plaintiff, in the exercise of ordinary care, should have employed a physician to treat her limb and that she failed to do so, and her injuries have been increased or aggravated or made permanent or incurable because she did not have medical advice and treatment, then you cannot allow her anything for such increased damages or incurable condition."

We do not think there was any error in giving said instruction 4.  It only authorized a recovery for the injury she sustained by reason of the *defendant's negligence* and did not include any damages for injury sustained by reason of her own negligence, and for that reason it was not in conflict with number 2 given for defendant, which is nothing more nor less than telling the jury in a different manner that plaintiff cannot recover any damages she may have sustained by her own negligence in going about her house and over the neighborhood and in not having had her leg immobilized and kept in a plaster cast.

Affirmed.  All concur.