RALPH MORGAN MADDEN, Respondent v. MIS-
SOURI PACIFIC RAILWAY COMPANY, Ap-
pellant.

**Kansas City Court of Appeals, November 25, 1912.**

1. **NEGLIGENCE: Fellow Servant: Dual Capacity.** The act, of
a foreman in assisting a laborer to unload a brake beam from
a truck, is one of fellow service, and under the dual capacity doc-
trine recognized in our jurisprudence, the relation of the co-
laborer in the performance of such service is to be determined
by the nature of the service and not by any difference in rank
between the colaborers.

2. ————: **Assumption of Risk: Law of Kansas.** In this State
a servant does not assume risks created by the master's negli-
gence, but in the State of Kansas the rule is, that if the servant
with full knowledge of the nature and danger of a risk con-
tinues in the service, such risk will be regarded as one assumed
by the servant though it be caused by the negligence of the
master.

3. ————: **Fellow Servant: Act of Service to Govern.** Plaintiff,
a machinist's helper, worked under the direction of the ma-
chinist in defendant's shops. The latter directed plaintiff to
help unload a heavy metal brake beam, which had been heated
to repair, from a truck, each to lift one end. Both started to
lift, and the machinist, who had removed one glove, dropped his
end because it burned his hand, and the truck swung violently
around and plaintiff was injured. *Held*, that the conduct of
the machinist was negligent.

4. **PLEADING: Foreign Laws: Presumption.** Where a petition
states a good cause of action under the statutory law of this
State, and no demurrer but an answer is filed thereto, the pre-
sumption arises that the law of the sister State, where the cause
of action arose, is similar to that of this State and the petition,
thus aided by answer, will be deemed good, especially after
verdict.

5. **INSTRUCTIONS: Failure to Give: Nondirections.** Failure of
plaintiff to give instructions to the jury regarding the legal ele-
ments upon which to base a verdict is not error, as it consti-
tutes only nondirection and not misdirection.

Appeal from Jackson Circuit Court.—*Hon. Jas. H.
Slover,* Judge.

AFFIRMED.  CERTIFIED TO SUPREME COURT.

*E. J. White* and *Martin Lyons* for appellant.

*H. J. Latshaw* for respondent.

JOHNSON, J.—Action by a servant to recover damages for personal injuries he alleges were caused by the negligence of his master. A trial of the issues resulted in a verdict and judgment for plaintiff in the sum of $7500 and the cause is before us on the appeal of defendant.

The evidence of plaintiff tends to show the following state of facts: Plaintiff was employed in the yards and machine shops of defendant in Kansas City, Kansas, as a machinist's helper and worked under the direction of the machinist. He worked at night and was injured during the night of January 27, 1910. A heavy metal brake beam had been taken to the blacksmith shop to be repaired and after it had been repaired and was still hot it was loaded crosswise on a truck and wheeled by plaintiff from the blacksmith shop into the round house where it was to be unloaded and placed under a locomotive. The machinist walked beside the truck and when it stopped at the place of unloading, directed plaintiff to help unload. The two men stood on opposite sides of the truck and the order of the machinist contemplated that each should lift an end of the beam, raise the load and carry it to the place where it was to be deposited. Both men wore heavy gloves and just before he started to lift his end the machinist took off one of his gloves to enable him to light his pipe. He did not replace his glove, but seized the beam with both hands and raised up his end when, being burned on the bare hand by the heated metal, he suddenly dropped or threw down the beam end with such force that the truck was swung violently around and plaintiff, who was stooping and just beginning to lift his end, was struck in the back by the truck and received the injuries of which he complains.

The evidence of defendant contradicts that of plaintiff on all points and tends to show that plaintiff received no injuries, or if he did, that they were not received in the manner claimed by him.

The petition alleges, in substance, that the machinist was the foreman of plaintiff and that the injury was caused by his negligence in lifting the brake beam and suddenly dropping it while plaintiff was in a place of danger. No reference is made to any statute of Kansas. The petition was not attacked by demurrer. The answer contains a general denial, an allegation that plaintiff and the machinist were fellow servants, and a plea that "a statute known and designated as Sec. 22, of Ch. 341, of the laws of said State of Kansas was enacted in the year 1905, which section provides that in case of an injury being sustained by an employee of a railway company, notice in writing that such injury has been sustained, stating the time and place thereof, shall be given by or on behalf of the person injured, to such railroad company within eight months after the occurrence of the injury; that the giving of such notice is a condition precedent to the maintenance of a suit for the alleged injury; and that no notice of the alleged injury claimed by plaintiff to have been sustained by him, such as is required by said statutes of Kansas, has ever been given to this defendant, and it pleads these facts in bar of plaintiff's action."

The section of the statutes (to part of which reference is thus made in the answer) was enacted by the Legislature of Kansas in 1905 .(Laws 1905, Ch. 341), amended in 1907, and appears in the General Statutes of 1909, as Sec. 6999. It is the fellow servant statute and its material parts are as follows:

"Every railroad company organized or doing business in the State of Kansas shall be liable for all damages done to any employee of said company in

consequence of any negligence of its agents; or by any mismanagement of its engineers or other employees, to any person sustaining such damage: *Provided,* That notice in writing that an injury has been sustained, stating the time and place thereof, shall have been given by or on behalf of the person injured, to such railroad company within eight months after the occurrence of the injury: *Provided, however,* that where an action is commenced within said eight months, it shall not be necessary to give said notice.''

The statute was introduced in evidence by both parties, by defendant as Sec. 22, Ch. 341, Laws 1905, and by plaintiff as Sec. 6999, Statutes 1907. Defendant further introduced decisions of the Supreme Court of Kansas, to some of which we shall refer in the opinion. At the close of all the evidence defendant offered an instruction in the nature of a demurrer to the evidence which the court refused. Counsel for defendant contend that this instruction should have been given and, first, we shall address our attention to the questions raised in support of this contention.

Though the petition alleges that the machinist was the foreman of plaintiff and, therefore, the vice principal of defendant, the pleaded facts relating to the injury which find support in the evidence of plaintiff disclose that the alleged cause of the injury was negligence of a fellow servant and not of a vice principal. The co-operation of plaintiff and the machinists in unloading the brake beam from the truck was an act of fellow service and under the dual capacity doctrine recognized in our jurisprudence, the relation of the colaborers in the performance of such service is to be determined by the nature of the service and not by any difference in rank between the colaborers. [McGowan v. Railway, 61 Mo. 528; Stephens v. Lumber Co., 110 Mo. App. 398; Bokamp v. Railway, 123 Mo. App. 270.]

The machinist will be regarded as the fellow servant of plaintiff, and our next subject is the question of whether or not the evidence of plaintiff discloses that his injury was caused by negligence of his fellow servant or by a risk incidental to the employment and, therefore, assumed by him as a part of his contract with defendant. Before the enactment of the fellow servant statutes the rule in Kansas, as in this State, was the common law rule that the principle of *respondeat superior* did not apply to fellow servants and, therefore, that negligence of a servant that caused the injury to a fellow servant could not be imputed to the master and that the risk of injury from such cause was one of the ordinary hazards of the employment assumed by the injured servant. But the fellow servant statute abrogates the old rule so far as employees of railroad companies are concerned and expressly provides that such companies shall be liable for all damages done to any employee of such company by the negligence of a fellow employee. Construing the statute the Supreme Court of Kansas say in Green v. Railway, 75 Kansas 1. c. 512:

"Under this statute the elements of a cause of action against a railway company are: Negligence of one employee in some matter connected with the operation of the road, and damages to another in consequence of such negligence. If, after the master's common law duties are all performed, a skilled employee negligently chooses and uses an insufficient appliance, or makes a negligent use of an appliance sufficient if properly handled, and as a consequence another employee sustains damage, the master is responsible; and the statute makes no provision for notice to the master, in advance of the act, that the employee is about to do a careless thing."

In that case, as here, the work being done was the repairing of a locomotive and we regard the decision

as authority supporting the view we entertain that service of that character falls within the purview of the fellow servant statute of Kansas, as well as of the like statute of this State. [Prash v. Railroad, 151 Mo. App. 410; Turner v. Railroad, 132 Mo. 43; Huston v. Railroad, 129 Mo. App. 583; Orendorff v. Railroad, 116 Mo. App. 348.]

That the conduct of the machinist was negligent and that the injury was not the result of a mere accident that ordinary care and prudence would not have anticipated is a conclusion well sustained by the facts and circumstances of the case. This is not a case where the laborer whose act caused the injury was guilty of a mere error of judgment, as for example, where he overtaxes his strength thinking he can lift or carry a load that turns out to be too heavy for him (Pulley v. Standard Oil Co., 136 Mo. App. 172), but belongs to the class of cases where one of two or more colaborers upon whose observance of reasonable care depends the safety of his fellows, negligently fails to exercise such care. [Briscoe v. Railroad, 130 Mo. App. 513; White v. Railroad, 156 Mo. App. 563.]

The jury were entitled to the conclusion that a reasonably careful and prudent person in the situation of the machinist would have realized the danger to plaintiff if he should raise and then suddenly drop his end of the beam while plaintiff was in the act of lifting his end, and that, with knowledge that the beam was hot, he would not have seized it with his bare hand, especially when he had gloves to use on such occasions.

The injury appears to have been the direct result of the negligence of the machinist in failing reasonably to employ means at hand for the safe doing of the work. Since the cause of the injury was negligence for which defendant was liable under the fellow servant rule, it follows that the doctrine of as-

sumption of risk can have no application. In this state the rule is well established that the servant does not and cannot assume risks created by the master's negligence. In Kansas the rule appears to be that if the servant with full knowledge of the nature and danger of a risk continues in the service, such risk will be regarded as one assumed by the servant though it be caused by the negligence of the master. [Railroad v. Schneider, 47 Kansas 315.] Under neither rule may the risk in question be considered one assumed by plaintiff.

But it is argued by defendant that plaintiff cannot recover in this action for the reason that his petition fails to ground his cause on the fellow servant statute of Kansas and alleges only common law negligence.

The petition does not state a common law cause of action. The common law affords a servant no cause of action against his master for an injury caused by the negligence of a fellow servant and in common law states a servant can have a right of recovery against his master in such cases only in virtue of some statute. In this State where the common law is in force the only instances in which a servant may hold his master liable for the negligence of a fellow servant are those falling within the purview of Sec. 5534, R. S. 1909, which applies only to agents and servants engaged in the work of operating a railroad.

Since the petition pleaded facts which characterized the negligent and injurious act as that of a fellow servant, it cannot be said to have pleaded a common law cause of action. We are aware that this view is not in harmony with that expressed by the Springfield Court of Appeals in Ham v. Railroad, 149 Mo. App. 200. In that case the petition alleged that the injury occurred in Arkansas and was caused by the negligence of the plaintiff's fellow servants who, with

him, were engaged in the work of operating a railroad. Our learned brethren of that court assumed that since the petition failed to plead the Arkansas fellow servant statute it bottomed plaintiff's cause of action on a common law foundation and held that the proof, at the trial, of the existence of a fellow servant statute in Arkansas disproved the pleaded cause "because the common law had been abolished by statute" and plaintiff could not recover on the statute because he had not pleaded it. "Having pleaded his action," say the court, "on a common law foundation he must stand or fall by his cause of action as stated and cannot be allowed, when he finds that he cannot recover at common law, to then shift his position to the statutory liability." [Citing Mathieson v. Railroad, 219 Mo. 542.]

Of course our brethren are right in saying that a plaintiff cannot plead one cause of action and recover on another, but in our opinion they fall into a very material error in holding that the petition stated a common law cause when, as we have shown, the liability of a master for an injury to his servant inflicted by the negligence of a fellow servant is a rule entirely foreign to the common law and must rest on statute. In that case, as in this, the petition pleaded a statutory cause and had the cause accrued in this State would have been invulnerable to attack even by demurrer. But since the cause arose in a sister State the duty devolved on the plaintiff of alleging in his petition the statute of such State on which his right of recovery depended. The rule is well settled that when one relies on the law of a foreign country or of a sister State for his cause of action he is required to state in his pleading what that law is and his failure to do so will subject the petition to attack by demurrer. But where, as here, such petition states a good cause of action under the statutory law of this State and the defendant, failing to demur, files an-

swer and thereby invites judgment on the facts as pleaded, the presumption arises that the law of such sister State is similar to our own and the petition, thus aided by answer will be deemed good especially after verdict. [Lee v. Railway, 195 Mo. l. c. 415; Flato v. Mulhall, 72 Mo. 522; Burdict v. Railroad, 123 Mo. 221; Biggie v. Railroad, 159 Mo. App. 350; Coleman v. Luchsinger, 224 Mo. 1.]

Since the territory now occupied by the State of Kansas was acquired from France in 1803, and at no time was an English possession, we cannot presume in the absence of proof to the contrary, that the common law is part of the jurisprudence of that State but in the condition of the pleadings before us we should begin with the initial presumption that Kansas has a fellow servant statute similar to our own. [Hurley v. Railway, 57 Mo. App. l. c. 682; Flato v. Mulhall, supra.] As is said in Lee v. Railway, supra, "in the absence of any showing to the contrary we will presume that the law of Kansas (a statutory law) is like the law of Missouri." In Flato v. Mulhall, the Supreme Court refused to indulge in any such presumption, holding that in the absence of an exposition of the foreign law, "the law of the forum must govern." Whether we accept this view or that expressed later in the Lee case the result is the same. A petition that states facts that would constitute a good cause of action under our law should not be held bad after answer to the merits.

We do not find anything in the opinion in Mathieson v. Railroad, supra, greatly relied on by defendant at variance with this view which, unquestionably, finds strong support in Lee v. Railroad, supra. In the Mathieson case the fellow servant statute of Kansas considered by the court contained a provision "that notice in writing of the injury so sustained stating time and place thereof, shall have been given by or on

behalf of the person injured to such railroad company within ninety days after the occurrence of the accident." The petition did not allege that provision nor a compliance therewith and the court held that it did not state a cause of action and was fatally defective for the reason that the giving of the notice was a con dition precedent that must be satisfied before a right to maintain an action would accrue. If our own fellow servant statute contained such provision a plaintiff would be required to plead and prove compliance with it, since such compliance would be an indispensable element of his cause of action. [Reno v. St. Joseph, 169 Mo. 642; Strange v. St. Joseph, 112 Mo. App. 629.]

The crucial question in that case was not the one we are considering but was the question of the omission from the averments of the petition of one of the prime elements of the right of the plaintiff to maintain an action. The fellow servant statute of Kansas now before us is an amendment of that considered by the Supreme Court in the Mathieson case. The amendment consists of a change in the time for giving the notice from ninety days to eight months and of the following additional provision, viz.: "That where an action is commenced within said eight months it shall not be necessary to give said notice."

This suit was commenced in less than eight months after the injury and consequently the plaintiff was not required to give any notice. The decision in the Mathieson case can have no application to the present case and so far as the issues before us are concerned the Kansas fellow servant statute should be treated as though it contained no provision for notice. So regarded it is similar in material features to our statute and since the petition states a good cause of action under either statute it should not be held fatally defective after verdict, because of the

omission to plead the statute of Kansas on which the action is founded. The demurrer to the evidence was properly overruled.

The only instruction given at the request of plaintiff was on the measure of damages. Defendant complains that the instructions of plaintiff in omitting to give the jury the legal elements upon which to base a verdict left them free to explore fields not embraced within the bounds of the pleadings.

The writer's own view of instructions of such character coincides with that of defendant, but the decisions of the Supreme Court and Courts of Appeals approve the practice and regard such omission as being only nondirection and not as constituting a misdirection of the jury. The instruction further is criticized by defendant because it states the maximum damages the jury may assess in their verdict if it be for plaintiff. Recently the Supreme Court considered the question thus presented and decided it against the contention of defendant. [Stid v. Railway, 236 Mo. 382.]

Finally defendant argues with much earnestness that the verdict is against the weight of the evidence. We believe it is and if we were authorized by law to weigh the evidence would not hesitate to reverse the judgment. But we are compelled to admit the evidence of plaintiff is substantial and presented issues of fact for the solution of the triers of fact. Finding the case in such situation we could not set aside the verdict without assuming an authority the law does not bestow upon appellate tribunals.

The judgment is affirmed but as what we have said is in conflict with the decision of the Springfield Court of Appeals in Ham v. Railroad, supra, the cause is certified to the Supreme Court.

All concur.