FERN HEDRICK, Appellant, v. GEORGE H.
KAHMANN, et al., Respondents.

Kansas City Court of Appeals, October 6, 1913.

1. MASTER AND SERVANT: Negligence: Assistant Superintend-
ent: Laborer. Though one is a civil engineer and an assistant
superintendent in the construction of a bridge across a river,
yet on the order of his superior, in which he acquiesces, he
may become a common laborer under the direction of a
foreman to whom he is assigned; for it is the service and
not the rank which determines the capacity in which he acts.

2. ———: ———: Volunteer: Laborer. An assistant superin-
tendent in constructing a bridge who by order of his superior
takes up the work of a common laborer under a foreman,
is not a volunteer disabled from recovering damages result-
ing from the foreman's negligence.

3. ———: ———: Fellow Servant: Foreman. An assistant su-
perintendent in constructing a bridge, who by order of his
superior takes up the work of a common laborer under the
direction of a foreman, is not a fellow servant of such fore-
man.

4. ———: Negligence: Material: Selection: Foreman. Though
a master may furnish suitable material with other that is not
suitable, yet if the selection of proper material is left to the
servant and he selects the unsuitable kind, the master cannot
be held liable to him or his fellow servants. But if the mas-
ter's representative, in the person of a foreman, selects the
unsuitable material, the master is liable to any servant injured
thereby. Cases distinguished.

5. ———: ———: ———: New Trial: Substantial Evidence. Where the trial court grants a new trial to a defendant on the ground that a peremptory instruction should have been given to find for such defendant, it is error if there is any substantial evidence to support the verdict under the law.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED AND REMANDED.

*Milton J. Oldham* and *Jesse E. James* for appellant.

*Boyle & Howell, Jos. S. Brooks,* and *William T. Woodford* for respondents.

ELLISON, J.—Kahmann, one of the defendants in this case, died, and the cause was revived. For convenience we shall refer to defendants as though the death had not occurred. Plaintiff is the widow of Otis Hedrick, who was in defendants' employ when drowned in a river in Oklahoma. She brought this action for damages and recovered judgment. Defendants' motion for new trial was sustained and she appealed. Defendants were contractors constructing a railroad bridge across the Canadian River in Haskell county, Oklahoma. The bridge was partly constructed when the water had caused one of the unfinished piers to become unstable by getting much out of perpendicular. It had been suggested to tear it down, but defendants had expended considerable money on it and did not like to lose that outlay if it could be avoided. They therefore employed deceased, a civil engineer, to go from Kansas City, Missouri, down to the work, to help with the bridge, especially with a view to saving the pier. There was evidence tending to show that he was put in as assistant superintendent of the construction under one Roach, the general superintendent. But when he got to the place it was found that things were

not in readiness for his work in his capacity as engineer on the pier, and while waiting and in order that he might not be idle, he was put at other work as an ordinary or common laborer. The particular labor at which he was engaged on the day of his death was making a roadway from the river at a place about three hundred feet above the bridge. A tramway or false work about eight hundred feet long had been constructed across the river. A track was laid on this tramway, upon which cars, carrying material, were moved back and forth. Permanent work had progressed as far as the second pier. On the day before Hedrick's death, Superintendent Roach had ordered Turnham, a foreman to move an engine over the tramway out to a position where it was intended to be used. The next morning, with eight or ten men, Turnham began to execute this order. He took one of his men to the tool house and there he selected a chain which they placed "around the drum of the engine." A rope was attached to this, upon which the men pulled in the effort to move the engine on rollers which were placed under it. After working for some time and getting the engine out a considerable distance, one of the defendants, who was present, sent one of the men up to where deceased and another man were fixing the roadway above referred to, with directions that they come down and help. When they came Roach directed them to go out on the tramway and help with the engine. They went out and were told by the foreman what to do. Just before deceased's death the foreman directed him and the other men to take hold and pull on the rope as he would call out: "Heave-o-heave." They did so, when the chain around the drumhead of the engine broke, precipitating deceased into the river, where he drowned. There was evidence tending to show that the chain was old, worn and badly defective.

The reason given by the court for granting a new trial was that it erred in failing to peremptorily direct the jury to return a verdict for the defendants. We therefore only need ascertain whether there was any substantial evidence in plaintiff's behalf; for, if there was, the verdict should not have been disturbed, unless, of course, the law as applied to such evidence deprives plaintiff of a right to recover.

There was evidence tending strongly to show (much of it practically undisputed) that the chain and rope had been attached to the engine and it had been pulled out seventy-five feet before deceased left his road work and came down to the bridge in obedience to the message sent to him by one of defendants. When he got there the superintendent, as already said, directed him to go out on the bridge and help in moving the engine. That he went out and came directly under the orders of foreman Turnham, who testified that he was in charge of the men, including deceased, the latter being under his orders, and that he gave the order to pull on the rope and that he gave that order when the chain broke and let deceased into the river.

Conceding that deceased was a civil engineer and that when called onto this partly constructed work he was made assistant superintendent, will that release defendants from liability under the other evidence? It certainly will not, unless we are prepared to say that an officer of rank, though he performs the labor, cannot be put into or assume the capacity of a laboring servant on the order of his superior. Deceased, though holding such office under defendants' appointment, would not be incapacitated from becoming a common laborer with his coworkers under the direction of a foreman to whom he might be assigned by the order of his superior. In other words, the fact that he was an assistant superintendent did not prevent his descent to the position of a laborer if such was the order of his superior, in which he acquiesced.

We have not been cited to a case presenting facts like this; but we have the general announcement of our courts that it is not a question of rank in all cases, but rather one of service, which determines the capacity in which work is being done at a given time. [McGowan v. Railway Co., 61 Mo. 528; Stephens v. Lumber Co., 110 Mo. App. 398.] This was said by this court in the recent case of Madden v. Railway Co., 167 Mo. App. 143, 151 S. W. 489.

It is a part of defendants' support of the rulings of the trial court, that deceased was a volunteer in his help at the rope and they cite Duvall v. Packing Co., 119 Mo. App. 150. But we fail to discover any ground upon which to apply that rule of law. Repeating again, the evidence in plaintiff's behalf shows that one of the defendants ordered him up to this work and that when he came the general superintendent directed him to go out on the tramway and help the others, there engaged under a foreman's direction, and that he did so. He was a volunteer in the sense that he could have refused to go and did not; but not a volunteer in the sense of performing work not his duty to perform and which he had not been ordered to do by his superior.

Defendants next insist that foreman Turnham was a fellow-servant of deceased. That has been answered, indirectly at least, by what we have already written. If deceased in obedience to the order of one of defendants came up to help with the engine and on arrival was directed to go out on the tramway and help move it, there can be no question of fellow-servant, for we have abundant evidence that Turnham was foreman and that deceased took his place as a laborer under his orders.

It is next said that the defendants furnished suitable material at the tool house and if the chain selected was one which was defective and worn out, it was the acts of deceased's fellow-servants. Several cases are

cited in support of this; chiefly Forbes v. Dunnavant, 198 Mo. 193, and Bowen v. Railway Co., 95 Mo. 268. But those cases are without application. If a master supplies a mass of material, some good for one part or purpose in a structure and some for another, and the servants make selections from this, their negligence in doing so will be the acts of fellow-servants. But if a foreman in charge of certain work requiring material or appliances, himself selects the appliance as in this case, it is the act of the master himself. Here the chain was selected by the foreman and had been placed around the drum of the engine under the foreman's orders before deceased came to the work. The cases cited by defendants are construed and distinguished by the Supreme Court in Combs v. Construction Co., 205 Mo. 367, and Kennedy v. Gas Light Co., 215 Mo. 688; and by us in Zellars v. Light Co., 92 Mo. App. 107; and by the St. Louis Court of Appeals in Gale v. Mill Co., 159 Mo. App. 639.

The trial court was liberal with defendants in instructions. The facts have been found against them in the light of every legal phase that could be advanced in their behalf. Much of the argument on this appeal has been drawn from the basis of evidence in behalf of defendants, whereas, on a demurrer, we must assume that evidence as discredited, and that for plaintiff, with all reasonable inferences, left standing as the facts.

The judgment will be reversed and the cause remanded with directions to enter judgment for the plaintiff for the amount of the verdict less the remittitur. All concur.