ALBERT WELTON V. SAMUEL ATKINSON.

FILED SEPTEMBER 23, 1898.   No. 8268.

1. **Foreign Laws: EVIDENCE.** In the absence of proof the law of an-
other state on any subject, where involved in litigation here, will
be presumed to be the same as the law of this state.

2. **Notary Public: SEAL.** A notary public must, by impression of his
official seal, authenticate all his official acts, and his certificate
which lacks such authentication is without force or effect.

ERROR from the district court of Cass county.   Tried
below before CHAPMAN, J.   *Reversed.*

*S. B. Pound, Roscoe Pound,* and *A. N. Sullivan,* for plain-
tiff in error.

*D. K. Barr, George W. Clark, Beeson & Root,* and *Mockett
& Polk, contra.*

HARRISON, C. J.

In error proceedings in this action it is complained
that the trial court refused, on motion of plaintiff, to sup-
press certain depositions and, over objections, admitted
them in evidence.   An examination of the transcript in-
clusive of the correction thereof discloses, by fair read-
ing, that the motion to suppress the depositions was
properly presented, both in point of manner and time.
The addition to the transcript allowed on motion of de-
fendant was evidently made with a purpose to make it
appear that the motion for suppression of the depositions
was not interposed until after the trial had commenced,
but we think a perusal of all the record which refers to
this subject leads to the conclusion we have heretofore
announced.   The certificate attached to the depositions

was signed, "D. Shafer, Notary Public," but there was no impression of his official seal. At the close of the testimony of each witness the name of each witness was written, and just below there was a jurat which was signed officially by the notary public, and in each of such places there was the impression of the official seal of the notary; but these jurats were not necessary, and possessed no significance relative to the authentication of the depositions.

In the absence of proof to the contrary it must be presumed that the law of Arkansas—the state in which the depositions were taken—in regard to notaries public is the same as this state; and in this state it is provided, among other things, that each notary public shall provide himself with an official seal, * * * with which seal, by impression, all his official acts shall be authenticated. (See Compiled Statutes 1897, ch. 61, sec. 5.) And in section 384 of the Code of Civil Procedure it is provided: "Depositions taken pursuant to this article, by any judicial or other officer herein authorized to take depositions, having a seal of office, whether resident in this state or elsewhere, shall be admitted in evidence on the certificate and signature of such officer under the seal of the court of which he is an officer, or his official seal, and no other or further act of authentication shall be required." If an officer is required to attach his official seal to his acts, a certificate unauthenticated by the impression of such seal is invalid. (*Byrd v. Cochran*, 39 Neb. 118; *Neese v. Farmers Ins. Co.*, 55 Ia. 604, 8 N. W. Rep. 450; *Hewitt v. Morgan*, 88 Ia. 468, 55 N. W. Rep. 478; *De Graw v. King*, 28 Minn. 118, 9 N. W. Rep. 636.) The depositions were not sufficiently authenticated and should not have been admitted. (*Neese v. Farmers Ins. Co.*, 55 Ia. 604, 8 N. W. Rep. 450.)

There were other assignments of error, but they were of matters which we do not deem it necessary to discuss at present. For the error hereinbefore indicated the judgment must be reversed and a new trial awarded, dur-

ing which, if it occurs, these further matters, if erroneous, will doubtless be corrected, or not be again parts of the trial. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.