[No. 7483.   Decided November 18, 1908.]

EDNA MURRILLA, *Respondent*, v. SAMUEL GUIS, *Appellant*.[1]

DISCOVERY — INTERROGATORIES — MATERIALITY — STRIKING OUT — WAIVER OF ERROR. Defendant's right to demand interrogatories tending to a discovery of the fact that plaintiff was under age and incapacitated from suing, which were struck out because her complaint alleged that she was only nineteen, is waived if not renewed after amendment of the complaint to show that she was twenty-three.

SEDUCTION—ACTION FOR DAMAGES—STATUTES—EXTRATERRITORIAL. EFFECT—EVIDENCE—PRESUMPTION AS TO LAWS OF SISTER STATE. Bal. Code, § 4831, providing that an action for seduction may be maintained by an unmarried female authorizes a suit in this state for a seduction committed in another state or territory, in the absence of allegation as to the laws of the sister state, the presumption being that they are the same as the laws of this state.

SAME—INDUCEMENTS—EVIDENCE—SUFFICIENCY. The evidence is sufficient to show a prima facie case of seduction, where, although the plaintiff's evidence showed a case of rape in the first instance,

[1]Reported in 98 Pac. 100.

she consented to the continuation of relations for several months, on the promise of the defendant to protect her and by reason of her frame of mind produced by the first ravishment.

SAME—PREVIOUS CHASTE CHARACTER OF PLAINTIFF—WEIGHT OF EVIDENCE—QUESTION FOR JURY. In an action for the seduction of an actress, employed in a dance hall and saloon to sell liquor and entertain customers, the previous chaste character of the plaintiff and the weight of her evidence, as against that of the defendant, who admitted that he was one of the proprietors of the place and that the same was a house of ill-fame, is for the jury.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 16, 1908, upon the verdict of a jury rendered in favor of the plaintiff, for damages for seduction. Affirmed.

*G. C. Israel*, for appellant, contended, among other things, that the statute giving the right to an unmarried female over the age of twenty-one years to wage an action for damages for her seduction has no extraterritorial effect, and the court was therefore without jurisdiction. 25 Am. & Eng. Ency. Law (2d ed.), p. 190 *et seq; Buckles v. Ellers*, 72 Ind. 220, 37 Am. Rep. 156, and note. The statute being penal, when relied upon, must be pleaded and proven. *Selma etc. R. Co. v. Lacy*, 43 Ga. 461; *Hamilton v. Hannibal etc. R. Co.*, 39 Kan. 56, 18 Pac. 57; *Hyde v. St. Louis & Pac. R. Co.*, 61 Iowa 441, 16 N. W. 351, 47 Am. Rep. 820; *State v. Pittsburg etc. R. Co.*, 45 Md. 41; *Debevoise v. New York etc. R. Co.*, 98 N. Y. 377, 50 Am. Rep. 683; *Murphy v. Collins*, 121 Mass. 6. The trial court erred in refusing defendant's motion to dismiss the jury and grant defendant judgment, for the reason of the insufficiency of the evidence to justify any verdict upon the issues tendered in her complaint. *Stowers v. Singer*, 113 Ky. 584, 68 S. W. 637; *Marshall v. Taylor*, 98 Cal. 55, 32 Pac. 867, 35 Am. St. 144; *People v. Clark*, 33 Mich. 112; *Andre v. State*, 5 Iowa 389, 68 Am. Dec. 708; *Boak v. State*, 5 Iowa 430; *Wood v. State*, 48 Ga. 192, 15 Am. Rep. 664; *Breon v. Henkle*, 14 Ore. 494, 13

Pac. 289; 25 Am. & Eng. Ency. Law (2d ed.), p. 227; *State v. O'Hare,* 36 Wash. 516, 79 Pac. 39, 104 Am. St. 970, 68 L. R. A. 107; *State v. Cochran,* 10 Wash. 562, 39 Pac. 155; *People v. Nelson,* 153 N. Y. 90, 46 N. E. 1040, 60 Am. St. 592.

*Parker & Brown,* for respondent, contended, *inter alia,* that error, if any, in striking interrogatories propounded by plaintiff, was not prejudicial. *Du Clos v. Batcheller,* 17 Wash. 389, 49 Pac. 483. The courts of this state must take judicial notice of the laws of the District of Alaska. *Nelson v. Pyramid Harbor Packing Co.,* 4 Wash. 689, 30 Pac. 1096; 7 Ency. of Evidence, 947, 955, 957; *Arayo v. Currel,* 1 La. 528, 20 Am. Dec. 286; *Stokes v. Macken,* 62 Barb. 145; *United States v. Jackson,* 104 U. S. 41, 26 L. Ed. 651; *East-wood v. Kennedy,* 44 Md. 563; *Flanigen v. Washington Ins. Co.,* 7 Pa. St. 306; *Bird v. Commonwealth,* 21 Gratt. (Va.) 800; *Appollos v. Staniforth,* 3 Tex. Civ. App. 502; *Bar-ranger v. Baum,* 103 Ga. 465, 30 S. E. 524, 68 Am. St. 113; *Herschfeld v. Dexel & Co.,* 12 Ga. 582; *Clark v. Eltinge,* 29 Wash. 215, 69 Pac. 736. There was sufficient evidence of the crime charged. 25 Am. & Eng. Ency. Law (2d ed.), 190; *Marshall v. Taylor,* 98 Cal. 55, 32 Pac. 867, 35 Am. St. 144. Under the decisions of this court the findings of the jury in such cases as this are conclusive. Pierce's Code, § 5934; *Hanstad v. Canadian Pac. R. Co.,* 44 Wash. 505, 87 Pac. 832; *McGowan v. Northeastern Siberian Co.,* 41 Wash. 675, 84 Pac. 614; *Druglis v. Northwestern Imp. Co.,* 41 Wash. 398, 83 Pac. 101; *In re East Spring St.,* 41 Wash. 366, 83 Pac. 242; *Weir v. Seattle Elec. Co.,* 41 Wash. 657, 84 Pac. 597.

HADLEY, C. J.—This is an action to recover damages for seduction. The plaintiff alleges that her injury was accomplished by the defendant at Douglas Island, Alaska; that the defendant was the proprietor of a theater and dance hall at

said place; and that for a period of about five months immediately following March 1, 1906, the plaintiff was employed by him as an actress to assist in the public entertainment at the theater by singing and dancing upon the stage. She alleges that the defendant was then a man of maturity, of the age of thirty-nine years, of great ability and extensive experience in worldly affairs; that he exercised undue influence over her, and by taking advantage of her youth and inexperience, he wrongfully seduced her and sustained intimate relations with her for a period of three months, resulting in her pregnancy.

The defendant answered, denying that he is guilty of the charge, and alleged that he was one of the proprietors of the saloon and dance hall on Douglas Island, wherein women were employed to publicly dance with the patrons and to assist in the sale of liquors to the latter from the bar of the saloon, for which the women were allowed a percentage upon sales made; that there was also maintained in connection therewith a stage upon which the women so employed were required nightly at intervals to sing, dance, and engage in short vaudeville performances; that the women had sleeping apartments in the second story of the building, and were allowed to receive male visitors in their rooms, where they were served with wines and liquors at all hours of the day and night. He alleges that the female inmates of said dance hall, including plaintiff, were reputed to be women of ill-fame, and that they were regularly fined as such. The cause was tried before a jury, and a verdict was returned for the plaintiff in the sum of $2,500. From a judgment for that sum, the defendant has appealed.

The first matter urged as error is that the court struck a part of the appellant's interrogatories, propounded to the respondent before the trial. There were one hundred and thirty-four interrogatories in all, and twenty-eight were stricken. Those stricken related to respondent's parentage, her baptism, the name of her husband, if she had one, her first employment, and other similar matters, all of which the

court deemed to be immaterial. She answered other inter-
rogatories not stricken, giving the date of her birth and her
age, and stating that she had never been married or divorced.
It is argued that, if respondent can maintain this action at
all, she must have been at least twenty-one years of age when
it was commenced, and that the interrogatories stricken would
have aided in making discoveries as to respondent's true age.

We think the interrogatories allowed to remain were suf-
ficiently comprehensive, and that appellant was not prejudiced
by the exclusion of those stricken, in view of the averment
of the complaint as it stood, when the interrogatories were
stricken, that respondent was but nineteen years of age. In
the original complaint respondent's age was alleged as nine-
teen years, but upon the trial leave to amend by alleging
that she was twenty-three was asked. At the time the inter-
rogatories were stricken, the age standing alleged as nineteen,
they became immaterial for the purposes now urged, for the
reason that the complaint itself placed the age under twenty-
one, thereby making proof upon that subject unnecessary.
After the amendment there was no renewal of the motion to
submit these rejected interrogatories, or for a continuance
of the trial. It is claimed that the record does not show
that leave to make such amendment was granted. It does
show the express request of counsel for leave to amend, and
in the instructions to the jury the court, in stating the issues,
said that respondent alleged that she was a virtuous maiden
of good character and standing among her associates, of the
age of twenty-one years. So that it appears that the amend-
ment was regarded by the court and counsel as made. The
need for these particular interrogatories to serve the necessi-
ties of ante-trial discovery on the subject of age was not
urged after they became pertinent under the averment that
respondent was twenty-one, and any right to demand them
was therefore waived.

The next point urged is that the court erred in refusing
appellant's motion to dismiss the jury and grant judgment

for appellant when respondent rested her case in chief, for the reason that the proof showed that the court had no jurisdiction of the subject-matter. This contention is based upon the showing that the facts which it is claimed constitute the seduction all occurred in Alaska, while both parties resided there. In this state we have a statute authorizing the maintenance of such an action, which is in terms as follows:

"An unmarried female over twenty-one years of age may maintain an action as plaintiff for her own seduction, and recover therein such damages as may be assessed in her favor; but the prosecution of an action to judgment by the father, mother, or guardian, as prescribed in the preceding section, shall be a bar to an action by such unmarried female." Bal. Code, § 4831 (P. C. § 259).

The suggestion is made that the above statute has no extraterritorial effect and gives no right of action, merely because the appellant is now domiciled in this state, inasmuch as the offense was committed within another jurisdiction. It is maintained by appellant that, if such an action can be entertained by the courts of this state, it must be by authority of a statute where the offense was committed. The respondent did not plead a similar statute or any statute permitting such an action in Alaska, but she invokes the rule that, in the absence of proof to the contrary, the court will presume that the law of Alaska is the same as that of this state. In *Clark v. Eltinge*, 29 Wash. 215, 69 Pac. 736, this court held that the above rule of presumption applies to statutory as well as to common law. That decision is directly in point, and is controlling here. The motion was, therefore, properly denied.

It is next assigned that the court erred in refusing appellant's motion to dismiss the jury and grant judgment for appellant, made when respondent rested her case in chief, on the ground that the evidence failed to establish even a *prima facie* case of seduction, and tended to prove rape, if anything. Undoubtedly the testimony of respondent tended to show a

case of rape in the first instance. She testified that appellant called at her room and brought wine with him, insisting that she should drink with him, which she did; that soon after drinking she lost consciousness and, upon recovering consciousness, she was lying upon her bed and appellant was sitting beside her; whereupon she discovered that she had been ravished. The above, it is true, tended to establish rape only; but she proceeded to testify that, a day or two following the occasion specified, appellant again called and insisted that she should yield to him, which she consented to do because of his promise to protect her and also because of the feeling that she was already ruined and she did not care what became of her. She says that their relations were afterwards repeatedly continued under those circumstances for several months, during which time a condition of pregnancy arose which was afterwards avoided by abortive means provided by appellant. We think the above showed a *prima facie* case of seduction. The artifices used by appellant, taken all together, had the effect to overcome her scruples at a time when she was capable of consenting, and did consent, and not the least of those artifices was the method used the first time which left her in a frame of mind to be afterwards easily influenced to yield to his demands. The motion was properly denied.

It is next insisted that the motion for new trial should have been granted for the reason that the evidence was insufficient to justify the verdict. It is undoubtedly true that the circumstances were such as to challenge the attention of the jury to a careful scrutiny of the respondent's testimony. She was admittedly an actress and singer in a dance hall, surrounded by women some of whom were undoubtedly lewd. But she had followed the vocation of a vaudeville actress and singer from her young girlhood, and insists that she had always maintained her chastity amid her necessary surroundings, following her vocation only for the purpose of obtaining a livelihood. The testimony of a number of other witnesses also tended to establish that fact. It is true that ap-

pellant denied that he had sustained any criminal relations with respondent, but both parties were before the jury and were observed by the jurors. The appellant admitted and even alleged in his pleadings that he was, at the time of the alleged seduction, one of the proprietors of the house on Douglas Island, which was not only maintained as a saloon and dance hall, but for purposes of prostitution as well. Considering his own character, he could not well appeal to the jury to give greater weight to his testimony than to that of respondent. The jury evidently believed the testimony of respondent as against that of appellant, and as it was the province of the jurors to pass upon the weight of the evidence, we think the trial court did not err in refusing to set aside the verdict.

The judgment is affirmed.

RUDKIN, CROW, and DUNBAR, JJ., concur.

FULLERTON, J., took no part.

MOUNT, J. (dissenting)—I dissent. The plaintiff's evidence shows that she was not of previous chaste character and that she was not seduced. The motion for a directed verdict should have been granted.