A. W. CRANS, Appellant, v. O. B. DURDALL, Appellee.

Fraudulent representations: PLEADINGS: EVIDENCE. The allegations
1 of a petition in an action for breach of warranty and false representations inducing the sale of land, that defendant falsely rep-

resented that there was no laid out road across the premises, had reference to a statutory highway, and proof that the public had used the highway for many years was not admissible because not in conformity with the allegations of the petition.

**Conveyances:** BREACH OF WARRANTY. A statutory highway, if known to a purchaser, would not constitute a breach of a general covenant of warranty.

**Fraudulent representations in sale of land.** One who knew before purchasing land that the public was using a highway over the same can not recover damages for the alleged false representation that the same was only temporary.

*Appeal from Floyd District Court.*—HON. JOSEPH J. CLARK, Judge.

FRIDAY, MARCH 15, 1912.

ACTION for damages for breach of a covenant of warranty, and for false representations in the sale of land. The answer was a general denial. At the close of plaintiff's evidence, the trial court directed a verdict for the defendant and entered judgment accordingly. Plaintiff appeals.—*Affirmed.*

*J. H. Lloyd* and *W. M. Brouillard,* for appellant.

*J. C. Campbell,* for appellee.

EVANS, J.—On November 16, 1904, the defendant conveyed to the plaintiff a certain quarter section of land in Murray county, Minn., by warranty deed. The breach of covenant charged is that there is and was a highway "laid out through said land." The petition charged both a breach of warranty and false representation. These allegations are all contained in the same count of the petition. It appears that the plaintiff visited the land before purchase. He saw the said highway in use. It entered

the land from the west side near the northwest corner, and proceeded•east nearly half way across the land, and then turned south crossing the south line of the quarter section about midway between its east and west ends. Gates were maintained at each end of the highway. There were also·regularly laid out highways along the west line and along the south line of such land. The defendant stated to the plaintiff "that the road across the land was temporary." The plaintiff commenced this action in July, 1910. His petition charged as follows: "That defendant represented that there was no laid out road across said tract of land. . . . That in truth and in fact there was at and prior to the said time of conveyance a laid out road in a diagonal direction across said real estate, of which the defendant had knowledge, but fraudulently concealed the fact of said laid out road from this plaintiff. That the defendant fraudulently represented to this plaintiff for the purpose of inducing this plaintiff to purchase said real estate that there was no laid out road across said real estate. That this plaintiff had no notice of the existence of said laid out road. . . . That in truth and in fact there is now and was a laid out road diagonally across said real estate."

At the trial the trial court construed the plaintiff's petition so as to require him to prove a formal establishment of the road complained of by statutory proceedings for that purpose. The plaintiff introduced in evidence certain certified records showing certain proceedings had in 1884 with reference to a proposed road across this particular land. These records disclosed only an application for the establishment of such a highway and notice to landowners, and a·waiver of damages by landowners. No further proceedings appear to·have been had so far as disclosed by such records. No order of establishment appears to have been made by any officer or tribunal. Thereupon

1. FRAUDULENT
REPRESENTA-
TIONS: plead-
ings: evi-
dence.

the plaintiff proposed to show that the public had used such highway for travel for many years and since about 1884. This line of evidence was rejected by the trial court because it went beyond the allegations of the petition. It is argued, however, by appellant that the evidence was competent as supplementing defective proceedings for the establishment of the road. It is, however, a sufficient answer to this contention to note that the road actually traveled and of which complaint is made is by no means identical with the line of travel shown in the proposed highway in the proceedings of 1884. We think the trial court properly construed the petition and that its rulings were correct.

A large part of the abstract is devoted to a *verbatim* copy of questions and objections and rulings and colloquy and repartee between the counsel on the trial. Thirty-seven grounds of reversal are specified. We will not deal with them in detail. Looking at the record in its entirety, only one result is possible. The laws of Minnesota pertaining to the subject were neither pleaded nor proved. We are therefore left to the presumption that the laws of Minnesota in that respect do not differ from our own.

2. CONVEYANCES: breach of warranty.

A known highway, though established by statutory proceedings, would not constitute a breach of a general covenant of warranty. *Harrison v. D. M. & Ft. Dodge Railway Co.,* 91 Iowa, 114. This feature of the petition may therefore be disregarded.

3. FRAUDULENT REPRESENTATIONS IN SALE OF LAND.

As to alleged false representation, the plaintiff concedes that he knew before the purchase of the use of the alleged highway by the public. Manifestly his petition was framed with a view of avoiding the effect of such knowledge. He therefore charged that it was falsely represented that there was no "laid out highway," whereas, in fact, there was a "laid out highway," and that he had no notice of it as

such. The trial court took him at his word, and construed his allegations properly as he made them. If he had amended his petition and charged the establishment of the road by mere user, he would have been in quite as much difficulty. He would then have been confronted by his knowledge of such use before the purchase and possibly by the statute of limitations. It is sufficient, therefore, to say that the "laid out highway" charged in the petition must mean a highway established by the statutory method. Quite in point here is *State v. Snyder*, 25 Iowa, 208.

The record evidence offered by plaintiff was clearly insufficient to that end. We discover no prejudicial errors in the record.

The order of the trial court must therefore be *affirmed*.