WENZEL, Respondent, vs. GREAT NORTHERN RAILWAY COM-
PANY, Appellant.

*January 29—February 18, 1913.*

*Railroads: Carriers: Liability for failure to furnish cars: Reason-
able diligence: Delays: Notice to shipper: Special contract:
Special verdict: Inconsistent findings by judge.*

1. In the absence of evidence to the contrary, the law of North
   Dakota as to the duty of a carrier to furnish cars upon re-
   quest or otherwise is presumed to be the same as the law of
   this state.
2. Under sec. 1797—10, Stats. 1911, in order to establish liability
   of a railroad company for failure to furnish a car it must be
   shown not only that reasonable notice was given but also that
   it was within the power of the company to furnish it.
3. In an action by a shipper to recover for damage to live poultry,
   alleged to have been caused by defendant's failure to furnish
   a car at the time agreed, the evidence—showing, among other
   things, that on October 21st plaintiff requested defendant's
   agent at C., a station in North Dakota, to have a live-poultry
   car at that place to be loaded on November 7th; that defend-
   ant did not own such cars, but had to procure them from a
   private line company; that it at once placed the order for one
   and secured it at St. Paul on October 25th; that the car was
   then sent forward, but on October 27th met with an accident
   while in transit and had to be sent back to the shops for repairs;
   and that it did not reach C. until November 11th—is *held* to
   sustain findings by the jury to the effect that defendant used
   ordinary diligence and care in ordering and transporting the
   car to C., and that it was beyond its power to furnish the car
   in time.
4. A further finding by the jury that defendant, after knowledge
   that the delivery of the car at C. would be delayed by the re-
   pairs, did not seasonably notify plaintiff of that fact, if con-
   strued as finding a lack of diligence to notify plaintiff of the
   delay, was not warranted by the evidence, which tends to show
   that on November 5th the plaintiff again saw the agent at C. and
   was promised the car for November 7th, but that on Sunday,
   November 6th, the agent received notice that there would be
   a further delay in the arrival of the car from the shops, and
   at once made inquiry for the plaintiff, went twice to his hotel,
   and was informed that he was out in the country; that he then

requested the hotel clerk to notify the plaintiff, as soon as he came in, that the car would not arrive until Wednesday or later; and that the clerk did so when plaintiff returned Sunday evening.

5. A seasonable request by a shipper that a car be furnished at a certain place and time, and an assurance or promise given him that it will be so furnished, do not constitute a special contract upon which there is a liability other than that of a common carrier.

6. Where the trial court permits the verdict to stand without modification, findings by the judge inconsistent therewith are nugatory and cannot be invoked to sustain the judgment.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Reversed.*

Plaintiff brought this action to recover damages alleged to have been caused by defendant's breach of its agreement to supply him with a poultry car at Cavalier, North Dakota, on November 7, 1910, to enable him to ship his poultry to market. The complaint alleged that the car was not furnished till November 11, 1910, and that because of such failure and delay plaintiff suffered loss on account of the death of part of the poultry, shrinkage in weight, and expense incurred in the care and feeding of the remaining part. The answer was a general denial and pleaded in bar several defenses not involved in the decision of this case.

By special verdict the jury found (1) that the railway company used ordinary diligence and care in ordering and transporting the poultry car to Cavalier; (2) that the damage to the poultry was not caused by the negligence or omission of duty on the part of the plaintiff, his agents or employees; (3) that the poultry car was damaged in transit before delivery at Cavalier, necessitating the repair of same; (4) that the time consumed in the making of such repairs caused the delay in the delivery of the poultry car at Cavalier; (5) that the railway company, after knowledge on its part that the delivery of the car at Cavalier would be delayed by the repairs, did not seasonably notify plaintiff of

such fact; (6) that it would not have been practicable for plaintiff in the exercise of reasonable diligence, after notice that the car would not be at Cavalier on November 7th, to have stopped the bringing in of the poultry or of a majority thereof to Cavalier; (7) that the state of the weather or the action of the elements or failure on plaintiff's part to properly house or care for the poultry between November 7th and November 11th did not contribute in any substantial degree to cause the damage thereto; and (8) that $575 will reasonably compensate plaintiff for the damage he has sustained by reason of the delay in the delivery of the car.

In addition to the foregoing special verdict of the jury the court made the following findings of fact:

"1. That prior to November 7, 1910, defendant agreed with plaintiff to have a live-poultry car at Cavalier, North Dakota, on the 7th day of November, 1910, for the use of the plaintiff in shipping a carload of live poultry from said Cavalier to St. Paul, Minnesota, by defendant on its railroad and from said St. Paul to be transported to Chicago, Illinois, by the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, and also notified the plaintiff that such car would be at Cavalier, aforesaid, ready for his use on the 7th day of November, 1910.

"2. That plaintiff relied upon said agreement, notice and promise of defendant that a live-poultry car would be provided for his use with which he could make such shipment and had a carload of live poultry at said Cavalier on said 7th day of November, 1910, for the purpose of shipping the same from said Cavalier to be carried by defendant to said St. Paul and there to be transferred to said Minneapolis, St. Paul & Sault Ste. Marie Railway Company, to be carried by said last named company to Chicago aforesaid.

"3. That said defendant negligently failed to provide a live-poultry car at said Cavalier for the plaintiff's use on the 7th day of November, 1910, as agreed and according to notice prior thereto given to plaintiff by defendant, and did not furnish such car until the afternoon of November 11, 1910, and that plaintiff, by reason of the failure of the defendant to

provide such car for plaintiff's use on said 7th day of November, instead of said 11th day of November, caused damages to plaintiff by and on account of the dying of a portion of said poultry, shrinkage in weight and poor marketable conditions, all on account of said delay in providing said live-poultry car as aforesaid."

The defendant appealed from a judgment entered in favor of plaintiff for the amount of damages found by the jury.

*J. A. Murphy,* for the appellant.

*P. A. Williams,* for the respondent.

VINJE, J.    Whether the complaint sets out a cause of action for damages for the breach of a specific contract to furnish plaintiff a live-poultry car at Cavalier, North Dakota, on November 7, 1910, or a cause of action for damages for breach of a carrier's duty to exercise ordinary diligence in ordering the car and forwarding it to the place specified, is a question of some doubt.    It need not, however, be solved, for the evidence is insufficient to sustain the former.    It seems the case was tried to the jury on the theory that defendant had breached its duty as a carrier to use reasonable diligence in furnishing the car, and the court made findings covering both causes of action, and found not only a special agreement to furnish it, but also that it negligently failed to provide it within a reasonable time after it was ordered,—the latter finding being in direct conflict with the answer of the jury to the first question of the special verdict.

It appears from the evidence that on October 20, 1910, Peter Fox & Sons Company, of Chicago, sent the following message to the defendant's agent at Cavalier: "Order quick live-poultry car to be loaded in your town to be shipped to Chicago over Soo line."    Defendant did not own live-poultry cars and had to secure the same from a private line company.    It placed the order for it October 21st and secured it at St. Paul October 25th.    The car was then sent forward,

but met with an accident at Grand Forks on the 27th and had to be sent back for repairs to the shops at St. Cloud, a distance of 245 miles from Grand Forks. It did not reach Cavalier till November 11th. The plaintiff himself personally also requested a live-poultry car from the agent at Cavalier on the 21st of October and said he wanted it the 3d or 5th of November in order to get it in shape for loading on the 7th. On the 5th he again saw the agent and claims he was promised the car for Monday the 7th. This is substantially the evidence relating to how and when the car was ordered and furnished. It shows the defendant used reasonable diligence in placing the order for a car, in securing and forwarding it, and that but for the accident to the car in the yard at Grand Forks on the 27th it would have reached Cavalier, distant about seventy-four miles from Grand Forks, in a day or two thereafter, in ample time for use on the 7th of November. The answers of the jury to the first four questions are therefore not only sustained by the evidence, but are based upon practically the undisputed evidence.

No evidence was introduced to show what the law of North Dakota was or is as to the duties of a common carrier to furnish cars upon request or otherwise, so we must presume it to be the same as the law of our own state. *State Bank v. Pease,* 153 Wis. 9, 139 N. W. 767, decided January 28, 1913. Sec. 1797—10, Stats. 1911, is substantially the same as sec. 1798, R. S. 1878, construed in the case of *Richardson v. C. & N. W. R. Co.* 61 Wis. 596, 21 N. W. 49, and it provides:

"Every railroad shall, when within its powers so to do and upon reasonable notice, furnish suitable cars to any and all persons who may apply therefor for the transportation of any and all kinds of freight in carload lots and shall use reasonable diligence in moving freight and making delivery thereof."

It was held in the *Richardson Case* that it was not sufficient to show that reasonable notice was given; but it must

also appear that it was within the power of the railroad to furnish the car at the required time and place before liability for failure to furnish it could attach. Here the defendant has shown that it was beyond its power to furnish the car in time owing to an unavoidable accident, and the jury has so found. Its liability, therefore, growing out of its statutory duty is negatived by the verdict.

The defendant objected to the submission of question 5, which was as follows: "Did the railway company, after knowledge on its part that the delivery of the car at Cavalier would be delayed by the repairs, seasonably notify plaintiff of such fact?" It is not quite clear what is meant by the question. If by seasonable notification is meant notice given to the plaintiff in time to enable him to protect himself against the delay, then the answer is sustained by the evidence, and is in fact the same as the answer to the next question. If the question is meant to determine the fact whether or not the defendant, after it learned of the extent of the delay to the car owing to its injury at Grand Forks, exercised reasonable diligence in notifying plaintiff of the delay, then the answer thereto is contrary to the undisputed evidence.

Defendant's agent at Cavalier testified that on Sunday, the 6th, he received notice that there would be a further delay in the arrival of the car from the shops; that he immediately made inquiry for the plaintiff, went twice to the hotel at which he stopped, but failed to find him, and was informed that plaintiff was out in the country somewhere. He then requested the clerk of the hotel to notify him as soon as he came in that the car would not arrive until Wednesday or later. This the clerk did when plaintiff returned Sunday evening. This is all the evidence on the subject of defendant's failure to give the plaintiff notice after it had learned the extent of the delay. It was said in *Ayres v. C. & N. W. R. Co.* 71 Wis. 372, 382, 37 N. W. 432, that—

"Where a shipper applies to the proper agency of a railroad company engaged in the business of such common carrier of live-stock for such cars to be furnished at a time and station named, it becomes the duty of the company to inform the shipper within a reasonable time, if practicable, whether it is unable to so furnish, and if it fails to give such notice, and has induced the shipper to believe that the cars will be in readiness at the time and place named, and the shipper, relying upon such conduct of the carrier, is present with his live-stock at the time and place named, and finds no cars, there would seem to be no good reason why the company should not respond in damages."

It is evident from the testimony in the present case that not only did the defendant promptly seek to notify the plaintiff of the further delay, but that it was impracticable to get the notice to him sooner than was done. Under such circumstances the defendant discharged its full duty to plaintiff in that regard, and the answer of the jury to the question, if it be construed to find lack of diligence to notify plaintiff of the delay, must be set aside as not warranted by the evidence. If it means the notice was not in season to enable plaintiff to countermand the bringing in of the poultry, or to protect himself from loss otherwise, it determines no issuable fact.

The evidence fails to show a special contract to furnish the car on the 7th of November. The most favorable construction that can be given it is that plaintiff seasonably requested a car for the 7th and that an assurance or promise was given him by the defendant that the car would be there on that date. Such request and promise did not constitute a special contract. *Richardson v. C. & N. W. R. Co.* 61 Wis. 596, 21 N. W. 49. In that case it was alleged in the complaint that the agent of the defendant promised, upon plaintiff's request, to furnish a car on a certain date and that defendant failed to do so, to plaintiff's damage. The court held upon demurrer that no special contract was alleged for the furnishing of the

car on the specified date, and that if defendant was liable at all it was so under its liability as a common carrier, and that the cause of action was founded upon defendant's failure to furnish cars upon reasonable notice.

Just why the trial court made findings of fact is not evident. The case was tried to the jury upon the proper theory, namely, the alleged breach of defendant's duty to furnish the car upon reasonable notice. This issue the jury resolved in favor of the defendant. The trial court refused to set aside or modify the verdict. Nothing, therefore, remained to be done but to award judgment to the party entitled thereto by the verdict, in this case the defendant. When the proper issues are determined by the jury there is no room for findings by the judge. The court has power to set aside or modify the verdict, but if it lets the verdict stand, findings by the judge inconsistent with the verdict are nugatory. As before stated, the findings that defendant negligently failed to provide a live-poultry car at Cavalier for the plaintiff's use on the 7th of November, as agreed, is contrary to both the verdict and the undisputed evidence, and cannot be invoked to sustain the judgment. The other findings of a special contract to furnish the car on the 7th are not supported by the evidence and will not sustain a judgment in plaintiff's favor. So we must fall back on the verdict of the jury in determining the proper judgment to be entered. As before indicated, the defendant was entitled to judgment thereon.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for defendant upon the special verdict.