(71 South.· 891)

No. 20518.

COMMERCIAL NAT. BANK v. SANDERS et al.

(April 24, 1916. Rehearing Denied May 22, 1916.)

(Syllabus by Editorial Staff.)

1. ABATEMENT AND REVIVAL ⬤⇒9—EXCEPTION OF LIS PENDENS.

Where, by inadvertence or otherwise, a citation of appeal was issued to one against whom no appeal had been asked, which appeal as to him was dismissed, and where, before dismissal and while the appeal against him was pending, a suit was filed against such party as defendant, an exception of lis pendens was without merit, as the appeal was never'a real appeal sought to be maintained as against him.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 73–85; Dec. Dig. ⬤⇒9.]

2. COURTS ⬤⇒99(2)—FORMER DECISION—LAW OF THE CASE.

In an action for the balance due on a note, the adverse holding in a suit on the same note against other defendants as to the claim that there was no cause of action because the petition did not allege that notice of dishonor was served on defendants as indorsers, was the law of the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. ⬤⇒99(2).]

3. NOVATION ⬤⇒5—NOTE—ACCESSORY OBLIGATION.

Where a firm made a note to its own order and indorsed it as collateral for a loan obtained from the plaintiff, and defendants indorsed such note for accommodation, and the payee accepted in part payment the note of one who sought to buy up all the outstanding obligations of· the firms after their failure and merely received such party as an additional debtor·and continued to hold the other claims as still existing, there was no novation extinguishing the principal debt and the accessory obligation.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 5; Dec. Dig. ⬤⇒5.]

4. BILLS AND NOTES ⬤⇒301—EXTENSION OF TIME FOR PAYMENT—RIGHT OF ACCOMMODATION INDORSER.

The payee's extension of time on a note did not release the, accommodation indorsers on a collateral note, as what was done or not done in connection with the principal note did not concern them.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 706–721; Dec. Dig. ⬤⇒ 301.]

5. EVIDENCE ☞80(2)—PRESUMPTION—LAW OF ANOTHER STATE.

Where the laws of the state of Texas as to whether the running of limitations against some of the indorsers living in that state where the limitation is two years, were not proved, the presumption was that they were the same as the law of this state.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. ☞80(2).]

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Alfred M. Barbe, Judge.

Action by the Commercial National Bank against W. J. Sanders and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 132 La. 174, 61 South. 155; 136 La. 226, 66 South. 854.

Monk & O'Neal, of Leesville, for appellants. S. I. Foster, of Shreveport (Alexander & Wilkinson, of Shreveport, of counsel), for appellee.

PROVOSTY, J. Powell Bros. & Sanders Company made their note to their own order and by themselves indorsed for $15,000 to be used as collateral for a loan they desired to obtain, and the defendants indorsed this note for accommodation. Powell Bros. & Sanders Company obtained a loan of $7,500 from the plaintiff bank, and gave the collateral in pledge. When the principal obligation, which was represented by a note, matured, Powell Bros. & Sanders Company paid one-half of its amount, and gave a new note for the other half, and subsequently they made another partial payment and gave another new note for the balance. They failed in business, and D. G. Sanders sought to buy up all their outstanding obligations, including the note held by the bank. The bank was willing to receive payment from him of the balance due, and to transfer to him the note evidencing this balance; but he could pay only a part. This part the bank received, and agreed to transfer the note to him when the balance should be paid. As additional security for this balance the bank took his note for a like amount. But it did not surrender the note of Powell Bros. & Sanders Company, nor the $15,000 collateral. This collateral was payable at six months, and had long been past due even when the second payment on the principal note was made. The bank simply continued to hold it as collateral, taking no steps to demand payment of it either from the principal debtor or the indorsers. This suit is on this collateral for the balance due on the principal debt.

[1] In a suit brought against them by the plaintiff bank in another parish on this collateral the defendants pleaded to the jurisdiction of the court ratione personæ and the exception was sustained, and these defendants were dismissed from the suit. Later judgment was rendered dismissing this other suit as against the other defendants also, and the plaintiff bank took an appeal to this court. This was long after the delay had expired within which an appeal might have been taken from the judgment sustaining the plea to the jurisdiction ratione personæ, and dismissing the present defendants from that suit. That judgment had therefore long become final, and these defendants had long been dismissed from the suit, when said appeal was taken as against the other defendants. By inadvertence, or otherwise, however, citation of appeal was issued to W. J. Sanders, one of the present defendants, although no appeal had been asked for as against him. The appeal was, of course, dismissed as to him. See 132 La. 174, 61 South. 155. But the present suit was filed before said dismissal had taken place, and therefore while the appeal against W. J. Sanders, such as it was, was still pending. On the strength of the pendency of said appeal the defendants have filed in the instant suit an exception of lis pendens.

The exception is without merit. The said appeal was never a real appeal as against W. J. Sanders. No attempt was being made to maintain it as against him.

[2] Another exception filed in the instant suit was that of no cause of action based on the fact that no allegation is made in the petition that notice of dishonor was served on defendants who, as indorsers, it is said, were entitled to such notice.

That point was adversely passed on by this court in the suit on this same note against the other defendants. 136 La. 226, 66 South. 854.

[3] One of the defenses is that by the acceptance of the note of D. G. Sanders for the balance due on the note of Powell Bros. & Sanders Company the principal debt was extinguished by novation, and the accessory obligation with it.

The evidence shows that the plaintiff bank never consented to novate the debt, but merely received D. G. Sanders as an additional debtor, and continued to hold the other claims as still existing.

[4] Another of the defenses is that by the extension of time granted on the principal note the indorsers on the collateral were released.

The defendants were neither sureties nor indorsers on this principal note, and therefore what was done or not done in connection with it does not concern them. The case of Alter v. Zunts, 27 La. Ann. 317, cited by defendants, is not in point. There the party pleading release was an obligor on the principal obligation.

[5] Another of the defenses is that the statute of prescription was allowed to run against some of the indorsers who live in Texas where prescription on such an obligation is of two years. The laws of Texas on this point not having been proved, the presumption is that they are the same as ours.

Judgment affirmed.