PEORIA TRACTOR CORPORATION, Appellee, v. W. E. MASON, Appellant.

**VENDOR AND PURCHASER:** Rescission for Shortage in Acreage. Evidence reviewed, and held to justify a rescission of a contract of sale, on the ground that part of the tract which the purchaser supposed he was buying, was within the line of a city street, with consequent shortage in acreage.

*Appeal from Polk District Court.*—J. B. WALLINGFORD, Judge.

APRIL 5, 1921.

ACTION at law to recover from defendant $500 paid by plaintiff to defendant for a lot of land, which was not conveyed. Plaintiff claimed there was a shortage in the land, and in its petition elected to rescind. Five or ten days thereafter, defendant sold the tract to other parties, at the same price. The defendant claimed, among other things, that plaintiff had repudiated the contract, and therefore had no right to rescind. Trial to the court, without a jury. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Guy A. Miller,* for appellant.

*R. M. Haines,* for appellee.

PRESTON, J.—As to disputed facts, the finding of the trial court has the force of a jury verdict. On May 29, 1919, plaintiff and defendant, by their agents, entered into a written contract, by which plaintiff agreed to buy, and defendant agreed to sell and convey, by warranty deed, accompanied by abstract showing good title, the following real estate in Polk County, Iowa: Lot 6, of the official plat of the southwest quarter of Section 6—78—23, except 120 feet, measuring from the east lot line of the street as laid out on the east side of the said lot. Five hundred dollars was to be paid, and was paid, on the execution of the contract, and the balance of the purchase price was to be paid upon delivery to plaintiff of a sufficient warranty deed, with abstract showing good and merchantable title. Defendant guaranteed that the tract of land before described should be of an area of at least 4¼ acres in extent, and not to exceed 4¾ acres, and the contract recites that it was the understanding of both parties that the said tract of land is approximately 4½ acres. Abstract was to be furnished within two weeks, and plaintiff was to have a reasonable time, not to exceed 60 days, from the execution of the contract, to examine the title, and have the metes and bounds of the tract surveyed and the corners located. The balance of the purchase price was to be paid on or before the expira-

tion of the 60-day period before mentioned, and as soon as plaintiff's counsel should find defects in the title, defendant was to be given a reasonable time to perfect the title and meet the requirements of plaintiff's attorney. Defendant covenanted that the title described should be conveyed according to the terms and provisions of the contract, free and clear of all liens and incumbrances.

Plaintiff alleged in his petition that the land was not·free from liens and incumbrances, and did not contain 4¼ acres, and that defendant was unable to carry out and perform the terms of his contract; that defendant has sold the land, and refused to repay plaintiff the $500 paid on the contract.

Defendant admits the execution of the contract and the payment of the $500; alleges that the land was free of all liens and incumbrances; alleges that the tract contained more than 4¼ acres, and less than 4¾; says he was ready, able, and willing to perform his part of the contract. No evidence was introduced by defendant, but his brother and agent testified as plaintiff's witnesses, and the letters were in evidence by stipulation.

Defendant lives in Chicago, but he was represented by his brother, E. R., in the transaction, and one Trent was acting as the agent of the defendant in securing plaintiff as a purchaser. E. R. testifies that a deed was made out and exhibited to the partner of plaintiff's attorney, but that no tender of the deed to any officer of the company was made, and it was returned to Chicago. After the execution of the contract, plaintiff had the land surveyed, and there was some correspondence between plaintiff's attorney and defendant's agent. The matter was turned over to Mr. McDonnell, vice-president of plaintiff company. Defendant tried to get McDonnell by phone several times, but had no talk with him about the matter. Before the contract was made, McDonnell, Trent, and other officers of the company went out to the land. McDonnell testified, over objection by defendant, that Trent pointed out the tract of land; that there was a fence around the property; that they discussed the acreage; that the tract pointed out was the land lying west of the old ·soap factory; and that Trent pointed out the land and said that was the piece of land they wanted to sell; that the west end of the tract was not marked, nor was the line between

the soap factory tract and this tract, but that these points were pointed out by Trent; that Trent said there were about 4¾ acres. McDonnell further testifies that he was appointed by his company to take up the matter of this contract with Mason; that that was after the Dickinson survey had been made; that he knew nothing of the sale to the Campbell Heating Company until after it was made.

It is thought by appellant that plaintiff repudiated the contract, but defendant's brother testifies that plaintiff did not refuse to take the property, unless the correspondence so shows. We do not think the correspondence does show a refusal. On the contrary, after the survey was made, counsel for plaintiff wrote defendant that, according to the survey, there was nearly an acre short, and suggested plaintiff's willingness to confer and adjust the matter by taking the property at the same price per acre, with a reduction for the shortage. At one time, defendant seemed inclined to do that. The correspondence began August 26, 1919, which was after the 60-day period named in the contract. Under the evidence, we think the trial court was justified in finding that there was no repudiation by plaintiff, and that plaintiff had the right to rescind. Appellant contends that plaintiff did not prove that there was a shortage below the 4¼ acres. There is a conflict between the engineers, to some extent, as to the amount of land, though the difference is not large. Plaintiff's engineer made a plat, from which he testified, and which was introduced in evidence. This plat is not before us. According to his survey and measurements, there were 3¾ acres. This excludes a part of Dean Avenue and a strip belonging to the soap company. Considering the last two items, he figured that there were 3.96 acres. In one of defendant's letters to plaintiff's counsel, in referring to the shortage claimed by plaintiff's engineers, he says:

"I do dispute his figures. Lot 6 contains, as platted, 4.46 acres, which measurement includes Dean Avenue. Excluding Dean Avenue, it contains 3.85 acres. I am of the opinion that, strictly speaking, the measurement including Dean Avenue is the one that should control; but I am willing to deliver the deed upon the payment of the balance, based upon the 3.85 acres."

Plaintiff's engineer testified that the original plat of Lot 6 shows that it runs to the center of Dean Avenue. It was stipulated that Dean Avenue was laid out, and that it has been in use by the public for many years, and that it is a street; that the south half of Dean Avenue is included in Lot 6, as platted, and that such south half is 40 feet wide. Appellant contends that the record does not show that this tract of land is within the city; that plaintiff cannot claim a shortage because a part of the lot extends into the street; and that such is not even an incumbrance. He cites *Harrison v. Des Moines & F. D. R. Co.*, 91 Iowa 114, *Stuhr v. Butterfield*, 151 Iowa 736, *Brown v. Young*, 69 Iowa 625, and *Crans v. Durdall*, 154 Iowa 468, as holding that the existence of a highway on land conveyed does not constitute a breach of warranty in a deed, against incumbrances. On the other hand, plaintiff says that this land was in the city of Des Moines, and we are cited to cases to sustain plaintiff's position that the fee to the portions of Lot 6 contained in the street and avenue was in the city of Des Moines. Plaintiff's contention is that, this being so, defendant was not able to perform his contract, since the title to the part of Lot 6 in the street should be deducted, and, if it is deducted, it shows an acreage of less than 4¼ acres. On this point, appellee cites *Ransom v. Boal*, 29 Iowa 68; *Town of Edenville v. Chicago, M. & St. P. R. Co.*, 77 Iowa 69; *Milburn v. City of Cedar Rapids*, 12 Iowa 246; *Blennerhassett v. Incorporated Town of Forest City*, 117 Iowa 680, 683; *City of Clinton v. Cedar Rapids & M. R. R. Co.*, 24 Iowa 455; *City of Des Moines v. Hall*, 24 Iowa 234. He says, also, that the statute so provides, but the section is not given. We assume that reference is made to Section 917, Code of 1897. It is suggested by appellant that the evidence does not show that the street was platted, or when, and so on. We suppose that the purpose in stipulating that it is a street was to do away with the necessity of proving it. In appellant's reply argument, appellee's legal proposition is not disputed, but appellant's cases before cited are referred to, and in the reply argument they say that the evidence does not show that this tract of land is in the city. Strange to say, the evidence relied upon by appellee to sustain its principal point is not very clear. It would not have been difficult to prove clearly, one way or the other, whether Lot

6 was within or without the city. Possibly the plat, which we do not have, and which the trial court did have, does show. But there are other circumstances. A witness testifies that he had lived on the east side for a good many years, and was familiar with this tract of land; that Trent said this tract was across from the fair grounds. It appears that southeast Thirty-second Street lies to the east of the tract, and Thirty-first Street west. It was stipulated that Dean Avenue is a street. It is not referred to as a highway. There may be other circumstances, but we think we would not be justified in holding that there was an absence of proof to show that this tract was in the city of Des Moines. Without going into the evidence further, the trial court was justified in so finding, and in finding that there was a shortage.

Appellant assigns as error a number of rulings of the trial court in admitting evidence before referred to, in regard to evidence that the tract of land was pointed out to plaintiff's officers; that it was fenced, etc. Under the record and the contract, we think the evidence was proper. The judgment is—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.