(No. 2579. April 10, 1923.)

## CARRON et al. v. ABOUNADOR et ux.

### SYLLABUS BY THE COURT

(1)   In the absence of evidence to the contrary, all property acquired by either husband or wife during coverture is presumed to be community property.                     P. 494

(2) In the absence of pleading and proof to the contrary, the law of a sister state is presumed to be the same as that of this state.    P. 494

() Under this presumption, the law of another state, with regard to the existence of the community property system, is presumed to be the same as that of this state.
    P. 497

(4) When evidence is offered for a specified and limited purpose, it can serve the party so offering it, for no purpose beyond that to which it is so limited.    P. 498

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by L. E. Carron and others against Ralph Abounador and wife. From a judgment for. defendants, plaintiffs appeal. Reversed and remanded, with directions.

Milton J. Helmick, of Albuquerque, and Thorwald Larson, of Holbook, Arizona, for appellees.

Marron & Wood, of Albuquerque, for appellees.

OPINION OF THE COURT

BRATTON, J. This suit was instituted by appellant, L. R. Carron, against the appellee Ralph Abounador in replevin, to recover possession of a certain automobile, which was duly seized by the sheriff of Bernalillo county under the writ, and thereafter delivered to the appellant, who has ever since had the possession of the same. The action was in the usual statutory form, and to which appellee answered by a general denial.

During the pendency of the suit, Rita Abounador, the wife of Ralph Abounador, with the consent of the court, intervened claiming the automobile in question to ·be her separate property, and that it had been wrongfully taken from her possession by the said sheriff at the direction of the said Carron. She pleaded the value of such automobile at the time it was taken to be $700, and the reasonable value of the use thereof while it had been in the possession of said Carron to be $150 per month. She prayed judgment for the return of such automobile and for a personal judgment

for such reasonable value of its use. A trial was had before the court without a jury, which resulted in a judgment in favor of the intervener and against the appellants, who were the principal and sureties on the replevin bond, for the return of such automobile, or, in the event such return was not had, then that they recover the sum of $500, that being its value, and further that she recover the sum of $700, that being double the value of its use. Numerous findings of fact and conclusions of law were tendered and requested by the appellant, all of which were refused, to which exceptions were taken; findings of fact and conclusions of law were made by the trial court, to which exceptions were likewise taken.

The first question which is presented for our consideration is the objection of the intervener to our considering the bill of exceptions and her suggestion that it should be stricken, because no notice of the time and place the same would be presented to the trial judge to be signed, sealed, and settled is shown in the record. This is true, yet the certificate of such judge expressly recites that counsel for the plaintiff and intervener consented to such signing, sealing, and settling of the same. With this condition obtaining, intervener will not be heard to object to such bill. The object of the statute requiring notice to be given of the time and place the stenographers' transcript will be presented to the judge to be signed, sealed, and settled is to afford the opposite party an opportunity to there appear, object, and point out errors, omissions, or defects therein. After knowing that the same is being presented for such purpose, and consenting that it may be so signed, sealed, and settled, the object of the statute is fulfilled.

The title of the appellant to the automobile in question is derived from a sale thereof, made by the trustee in bankruptcy of the state of Arizona, in the course of a voluntary bankruptcy proceeding instituted by the appellee Ralph Abounador. The intervener claimed

that said car being her separate property, the trustee in bankruptcy had no authority whatsoever to sell the same, and that the appellant Carron obtained no title thereto as purchaser at said bankruptcy sale. The principal contention revolves around this question.

[1, 2] It was admitted upon the trial of the case that at all material times the defendant and intervener were husband and wife. This being true, the presumption that the automobile in question was community property obtains, and such presumption remains throughout the contest, until and unless overcome by proof. In the absence of proof to the contrary, all property acquired by either husband or wife during coverture is presumed to be community. It is a legal presumption, however, which will yield to satisfactory evidence showing the contrary. Section 2754, Code 1915; Barnett v. Wedgewood, 28 N. M. 312, 211 Pac. 601. In this case there was no evidence offered which tended to overcome this persumption. The intervener treated the automobile, during her testimony, as her property, and often referred to it as hers. She testified when she purchased it, but she nor any one else ever at any time testified that she bought it with money or other property belonging to her separate estate; neither did she, or any other witness testify that she acquired it by gift, bequest, devise, or descent. On the contrary, her counsel objected to attempted cross-examination of her along this line as being without the scope of her direct examination, which objection was sustained, and hence the record remains silent with respect to evidence tending to show or establish that such automobile belongs to her as her separate property. Under these facts, the property is presumed, under the law of this state, to be community property.

The facts that the automobile was purchased in Arizona, and that the bankruptcy sale was had there do not change this rule of presumption. There was neither pleading nor proof concerning the law of that state. In such condition the law of this state con-

trols, as the law of Arizona is presumed to be the same as the law of New Mexico. Two different reasons have been given by the many courts, which have reached this conclusion. The one most frequently given is that, in the absence of pleading and proof of the law of a foreign state, it will be presumed to be the same as that of the forum, while the other and the one less frequently given is that the law of the forum is the only law known to the court and it will be guided thereby. In re Hancock's Estate, 156 Cal. 804, 106 Pac. 58, 134 Am. St. Rep. 177; Justis v. A. T. & S. F. Ry. Co., 12 Cal. App. 639, 108 Pac. 328; Hobbs v. Tom Reed Gold Min. Co. et al., 164 Cal. 497, 129 Pac. 781, 43 L. R. A. (N. S.) 1112; Cellulose Package Co. v. Calhoun, 166 Cal. 513, 137 Pac. 283; Pabst v. Shearer et al., 172 Cal. 239, 156 Pac. 466; McCormack v. McCormack, 175 Cal. 292, 165 Pac. 930; In re Hartenbower's Estate, 176 Cal. 400, 168 Pac. 560; Maloney v. Winston Bros. Co., 18 Idaho, 740, 111 Pac. 1080, 47 L. R. A. (N. S.) 634; Heery et al. v. Mott Iron Works Co. et al., 10 Kan. App. 579, 62 Pac. 904; Woolacott v. Case et al., 63 Kan. 35, 64 Pac. 965; Poll v. Hicks, 67 Kan. 191, 72 Pac. 847; Mutual Home & Savings Ass'n v. Worz et al., 67 Kan. 506, 73 Pac. 116; First National Bank v. Nordstorm et al., 70 Kan. 485, 78 Pac. 804; Bershears v. Nelson Distilling Co., 80 Kan. 194, 101 Pac. 1011; Nichols v. Bryden et al., 86 Kan. 941, 122 Pac. 1119; Cunningham v. Patterson et al., 89 Kan. 648, 132 Pac. 198, 48 L. R. A. (N. S.) 506; Newton v. New York Life Insurance Co., 95 Kan. 427, 148 Pac. 619; Harn v. Cole, 20 Okl. 553, 95 Pac. 415; Wagner v. Minnie Harvester Co., 25 Okl. 558, 106 Pac. 969; Hoshaw v. Lines, 30 Okl. 67, 118 Pac. 583; Steward v. Commonwealth Nat. Bank, 29 Okl. 754, 119 Pac. 216; Dunbar v. Commercial Electrical Supply Co., 32 Okl. 634, 123 Pac. 417; Marx et al. v. Hefner, 46 Okl. 453, 149 Pac. 207, Ann. Cas. 1917B 656; McNair v. Underwood, 55 Okl. 585, 155 Pac. 553; Murilla v. Guis, 98 Pac. 100; Gasaway v. Thomas, 56 Wash. 77, 105 Pac. 168, 20 Ann. Cas. 1337; Sheppard v. Lumber Co., 62 Wash. 12, 112 Pac. 932, 44

L. R. A. (N. S.) 267, Ann. Cas. 1912C, 909; Thompson et
al. v. Railway Co., 71 Wash. 436, 128 Pac. 1070; Plath
v. Mullins et al., 87 Wash. 403, 151 Pac. 811; Crans
v. Durdall, 154 Iowa, 468, 134 N. W. 1086; Condit v.
Johnson et al., 158 Iowa, 209, 139 N. W. 477; Lefe-
bure v. American Express Co., 160 Iowa, 54, 139 N. W.
1117; Putbrees v. James et al., 162 Iowa, 618, 144 N.
W. 607; Rudolph Hardware Co. v. Price et al., 164
Iowa, 353, 145 N. W. 910, Ann. Cas. 1916D, 850; Secor
et al. v. Siver et al., 165 Iowa, 673, 146 N. W. 845; Cal-
houn v. Taylor et al., 178 Iowa, 56, 159 N. W. 600;
Welton v. Atkinson, 55 Neb. 674, 76 N. W. 473, 70 Am.
St. Rep. 416; Fisher et al. v. Donavan et al., 57 Neb.
361, 77 N. W. 778, 44 L. R. A. 383; Pennsylvania Co. v.
Kennard Glass & Paint Co. et al., 59 Neb. 435, 81 N.
W. 372; Schmitt & Bro. Co. v. Mahoney et al., 60 Neb.
20, 82 N. W. 99; Cook et al. v. C., R. I. & P. Ry. Co.,
78 Neb. 64, 110 N. W. 718; Bannard v. Duncan et al.,
79 Neb. 189, 112 N. W. 353, 126 Am. St. Rep. 661;
Windhorst v. Bergendahl et al., 21 S. D. 218, 111 N.
W. 544, 130 Am. St. Rep. 715; Second Nat. Bank of
Richmond, Ind., v. Smith et al., 118 Wis. 18, 94 N. W.
664; Elmergreen v. Weimer, 138 Wis. 112, 119 N. W.
836; Moehlenpah et al. v. Mayhew, 138 Wis. 561, 119
N. W. 826; Menzel v. Great Northern Ry. Co., 152 Wis.
418, 140 N. W. 81; Hamley v. Till, 162 Wis. 533, 165
N. W. 968; Madden v. Missouri Pac. Ry. Co., 167 Mo.
App. 143, 151 S. W. 489; St. Joseph & G. I.
Ry. Co. v. Elwood Grain Co., 199 Mo. App. 432,
203, S. W. 680; Wilhite v. Skelton, et al., 5 Ind.
T. 621, 82 S. W. 932; Bagwell v. McTighe, 85 Tenn.
616, 4 S. W. 46; Penn. Ry. Co. v. Naive, 112 Tenn. 239,
79 S. W. 124, 64 L. R. A. 443; Star Clothing Mfg. Co.
v. Nardeman et al., 118 Tenn. 384, 100 S. W. 93; North
Memphis Sav. Bank v. Union Bridge Const. Co., 138
Tenn. 161, 196 S. W. 492; Burgess v. Western Union
Telegraph Co., 92 Tex. 125, 46 S. W. 794, 71 Am. St.
Rep. 833; Gill v. Everman, 94 Tex. 209, 59 S. W. 531;
Nat. Bank of Commerce v. Kenny et al., 98 Tex. 293, 83
S. W. 368; Hollis Cotton Oil, Light & Ice Co. v. Marrs
& Lake (Tex. Civ. App.) 207 S. W. 367; Moreland v.

Moreland, 108 Va. 93, 60 S. E. 730; Piedmont & Arlington Life Ins. Co. v. Ray, 75 Va. 821; Dittman et al. v. Distilling Co. of America et al., 64 N. J. Eq. 537, 54 Atl. 570; Commercial Nat. Bank v. Sanders et al., 139 La. 622, 71 South. 891; Mulling v. Jones et al., 142 La. 300, 76 South, 720. See. also, the voluminous notes to Cherry v. Sprague, 67 L. R. A. 33, and Parrot et al. v. Mexican Central Railway Co., 34 L. R. A. (N. S.) 261.

[3] Moreover, this rule of presumption has been declared to be applicable to the identical question we now have under consideration. It has been held that the law of the forum with respect to the existence or nonexistence of the community property law, in the absence of proper pleading and proof to the contrary, will be presumed to prevail in a sister state. Blethen v. Bonner et al., 93 Tex. 141, 53 S. W. 1016; Colpe et al. v. Lindblom et al., 57 Wash. 106, 106 Pac. 634; Douglas v. Douglas et al., 22 Idaho, 336, 125 Pac. 796; Marston v. Rue et al., 92 Wash. 129, 159 Pac. 111; In re Hartenbower's Estate, 176 Cal. 400, 168 Pac. 560. From these observations it is apparent that the automobile, being presumptively community property of the Abounadors, it was subject to the payment of the debts of Ralph Abounador, and, upon the appointment of a trustee in bankruptcy, the title to all his property which was, at the time he was adjudicated a bankrupt, subject to forced sale for the payment of his debts was, by virtue of the provisions of the -Bankruptcy Act, transferred to and vested in such trustee, and was thereby taken in custodia legis. Gibbons v. Goldsmith, 222 Fed. 826, 138 C. C. A. 252; Mueller v. Nugent, 184 U. S. 1, 22 Supt. Ct. 269, 46 L. Ed. 405. In this connection we have not overlooked the fact that the intervener introduced in evidence a conditional sales contract under which she purchased this automobile, and, had it been introduced without limitation, she could perhaps avail herself of the presumption of law that it is her separate property, as section 2764, Code 1913, supra, provides in part:

"* * * But whenever any property is conveyed to a married women by an instrument in writing the presumption is that title is thereby vested in her as her seperate property."

[4] This instrument, however, was introduced for the sole and single purpose of showing the price and value of the automobile when new. This limitation was placed upon the evidence by her counsel at the time it was tendered, and it was admitted by the court, with the statement that it would be received for such purpose. Having been thus limited in its purpose and function, it cannot now serve to create the legal presumption that the property thereby conveyed became vested in her as her separate property. It can serve no purpose beyond that to which it was limited. Williams et al. v. Chapman, 7 Ga. 467; Cooper v. Eastern Transportation Co., 75 N. Y. 116.

Neither was the power or jurisdiction of the bankruptcy court of Arizona over the property of the bankrupt confined to the territorial limits of that state. It could reach out into another state and there seize and sell personal property which belonged to him. Under the Bankruptcy Act, the United States Court of the domicile of the bankrupt assumes exclusive jurisdiction over the personal property of the bankrupt wherever situated, state lines having nothing to do with its power or jurisdiction to either seize or sell the same. In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316, 14 Am. Bankr. R. 404; Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174, 30 Am. Bankr. R. 611.

There being no evidence which even tended to overcome the legal presumption that the automobile in question belonged to the community of the two spouses, the court erred in concluding as a matter of fact and of law that it was the separate property of the intervener. It follows that the judgment should be reversed, and the cause remanded, with directions to award a new trial and to proceed in accordance herewith, and it is so ordered.

PARKER. C. J., and BOTTS, J., concur.